## J. E. VAN SANT, RESPONDENT, v. THE CITY OF PORT-LAND, APPELLANT.

STATUTE CONSTRUED—ASSESSMENTS AND STREET IMPROVEMENTS, RECORDS OF COUNCIL MUST CONTAIN PROOF THAT DUE NOTICE OF WAS GIVEN.—Section 139 of the charter of the city of Portland provides that "in any action, suit or proceeding concerning any assessment of property or levy of taxes 'authorized by the act,' or the collection of any such tax, or proceeding consequent thereon, such assessment, levy, consequent proceeding, and all proceedings connected therewith, shall be presumed to be regular and duly done or taken, until the contrary is shown." *Held*: that this statute does not dispense with the necessity of showing by the record that the required notice of a proposed street improvement and assessment has been given.

IDEM.—When an ordinance or proceeding to improve a street or levy an assessment therefor is attacked by a writ of review, and the record certified in the return fails to show any proof that such notice was given as required by law, the presumption in favor of the correctness of the proceedings, provided by section 139 is overcome, and the proceeding should be reversed.

APPEAL from Multnomah County.

Respondent is the owner of certain lots in the city of Portland. On the seventeenth of January, 1877, the common council of the city passed an ordinance to improve the streets in front of those lots. On the eighteenth day of April, 1877, the council passed an ordinance assessing the cost of the improvement of said streets upon the adjoining lots. By this ordinance different sums were assessed on the several lots owned by respondent, amounting in the aggregate to the sum of eight hundred and eighty-three dollars and sixty-eight cents. These assessments were docketed in the city lien docket as provided by the charter of the city. Warrants were thereafter issued for their collection and the lots levied upon and advertised for sale. Respondent then sued out a writ of review in the court below, assigning as error in the proceedings of the city council, that no notice of the proposed improvement was given by sections 79 and 80 of the city charter, and that no notice was given of the assessment as required by section 89 of the charter.

The facts relating to the giving of notice of the proposed improvement and assessment, appearing by the return, are

as follows: The record of the proceedings of the city council shows that before the passage of the ordinance in question, the council made an order that notice of the proposed improvement should be given, and it also recites that a notice of the proposed improvement was published for ten consecutive times in the Daily Oregonian, from December 25, 1876, to January 6, 1877, both inclusive.

A copy of the notice in due form appears in the record. The record recites the form of a notice of the proposed assessment, and that it was published in the Daily Standard ten consecutive times, beginning on the eighth of May, 1877. No other proof of the publication of the notice, either of the proposed improvement or of the assessment appears in the record. No affidavit of the printer or foreman of either paper of the service of either notice appears to have been filed.

The city recorder, in his certificate to the supplemental return, states that no other proof of the service of the notices is on file in his office, except the files of the Daily Oregonian and Daily Standard, in which they were published, and the bills of the publishers for publishing the notices, copies of which he embodies in the return, and which he states were examined by the council and ordered paid. He further states that the number of insertions claimed for in the bills were found correct by the council. The bills contain no copies of any notice, and have attached to them no affidavit.

*J. C. Moreland,* for appellant:

When a municipal corporation is entrusted with the execution of a power, and is not confined to a particular mode, but has a discretion in the choice of means, courts will not attempt to control the corporation, unless there is a plain, clear case of abuse of that discretion. (Dill. on Mun. Corp. sec. 58 and note; 2 Or. 146.) The certificate of the auditor and clerk shows that the publication was made, and the court will presume that his certificate is true. A statute should be construed so as to give full effect and force to all its provisions. (52 Barb. 533.) All statutes must be con-

strued according to the language employed. (54 N. Y. 226;
26 Id. 53.) The best rule by which to arrive at the mean-
ing and intention of a law, is to abide by the words which
the law-maker has used. (4 McLean, 463; 5 Id. 178; Dev-
ereaux, N. C., 158.) This section changes the burden of
proof "in any action, suit, or proceeding concerning any
assessment of property" authorized by the charter, from the
city to the person making the complaint.

*Northup & Gilbert,* for respondents:

Assessments levied for the purposes of street improve-
ments upon the property adjoining the street improved, are
known as "local assessments," and are one species of taxa-
tion and a branch of the taxing power. (Burr. on Tax. 460,
461; *Stark* v. *Starr,* 1 Saw. 30; *King, et al.* v. *City of Port-
land,* 2 Or. 147: Dill. on Mun. Corp. sec. 596; *Griffin* v.
*Mayor of Brooklyn,* 4 Com. 419.) Every step required by
the statute in making local assessments must be taken to
confer jurisdiction. (*Himmelman* v. *Satterlee,* 50 Cal. 68;
61 Barber, 469; Dill. on Mun. Corp. sec. 610; Burr on Tax.
478; Blackwell on Tax Titles, Mar., 44; *Hewes* v. *Reis,* 40
Cal. 262; *Haskell* v. *Bartlett,* 34 Id. 281; *Nicholson Paving
Co.* v. *Painter,* 35 Id. 699; *Weker* v. *Potter,* 18 Ohio St. 85;
*Sessions* v. *Crunkleton,* 20 Id. 359; *In re Eager,* 46 N. Y.
100; *In re Douglass,* 46 Id. 42; *In re Astor,* 50 Id. 363; *In
re Philips,* 60 Id. 16; *Dubuque* v. *Wooton,* 28 Iowa, 571; *Ol-
cott* v. *Robinson,* 20 Barber, 149.)

In this respect there is no distinction between an assess-
ment for local improvement and an assessment for raising
revenue for the support of the government. (*Smith* v. *Davis,*
30 Cal. 536; Dill. on Mun. Corp. sec. 596; *Hill* v. *Higdon,*
5 Ohio St. R. 246; Cooley on Tax. 452; Cooley on Const.
Lim. 499.) Proceedings of this kind are judicial in their
nature. (Blackwell on Tax Titles, Mar. 26; 79 Penn. 383.)

The expression is constantly used by the courts that
every step in these proceedings required by statute must be
taken to confer jurisdiction. Now, "jurisdiction of the
cause is the power over the subject-matter given by law of
the sovereignty in which the tribunal exists." (Bouvier,

Title Jurisdiction.) Jurisdiction is the power to hear and determine. (*Grignon* v. *Astor*, 2 Howard 338.) The results of these proceedings, if regular, is to divest title. Not by legislative action, that has been exercised in the creation of the law, but by judicial action, the taking of the steps required by the law to divest title. One has a right to a hearing—a trial, before he can be deprived of life, liberty, or property. (Blackwell on Tax Titles, Mar. 22; 2 Or. 38.) "Every statute authority in derogation of the common law, to divest the title of one and transfer it to another, must be strictly pursued." (*Sharp v. Spier*, 4 Hill 76, 92; *Curran* v. *Shattuck*, 24 Cal. 427; *Creighton* v. *Manson*, 27 Cal. 628; *Stanford* v. *Worn*, 27 Cal. 171; *Bensley* v. *Mountain Lake Water Co.*, 13 Cal. 306; *Williams et al.* v. *Payton et al.* 4 Whea. 394; *Rathbun* v. *Acker*, 18 Barber 393; *Hobart* v. *Frisbie* 5 Conn. 592.)

The charter of the city of Portland, under which the council acts in making local assessments, must be strictly construed. (*City of Portland* v. *Stock*, 2 Or. 70; Blackwell on Tax Titles, Mar. 39. 4 Or. 210.)

Notice must be given to the party in interest where a proceeding of a judicial nature is authorized. The right to a hearing is a constitutional right. If there is a right to a hearing, there is a right to a notice; and where the proceeding is before an inferior tribunal, exercising summary power, the evidence that due notice was given must appear upon the face of the record. (*Lowell* v. *Wheelock*, 11 Cush. 391; 60 Ill. 324; 61 Ill. 352; Blackwell on Tax Titles. 39; 213; Cooley on Taxation, 337, 264, 265; *Thompson* v. *Multnomah County*, 2 Or. 41; *Ferris et al.* v. *Bramble et al.*, 5 Ohio St. 112; *Nichols* v. *Bridgeport*, 23 Conn. 208; *Judson* v. *Bridgeport*, 25 Conn. 428; *Lowell* v. *Wheelock*, 11 Cush. 391; 5 Hayward, 295.) Notice stands in the place of process, in proceedings of this nature. (*Scammon* v. *Chicago*, 40 Ill. 146.)

But it is claimed by appellant that section 139 of the charter cures any error in the proceedings. Said section declares that all proceedings concerning assessments "shall be presumed to be regular and duly done, or taken until

the contrary is shown." This means, if anything, that the *onus* is on the petitioner, in this case. It is nothing more than the familiar rule that a tax-deed is *prima facie* evidence of title; and here, as in the case of a tax-title, by the record must the assessment stand or fall. Had the notices been given as required by law, and the council so found when it was proceeding in this matter, it would appear of record. Section 67 requires the auditor, under the direction of the council, to keep a record of its proceedings. (21 Wisc. 187; 29 Iowa 385.)

By the Court, WATSON, J.:

Section 79 of the charter of the city of Portland, provides that "no grade or improvement mentioned in section 78, can be undertaken or made without ten days' notice thereof being first given by publication in some daily newspaper published in the city of Portland."

Section 89 provides that "a sum of money assessed for the improvement of a street cannot be collected until by order of the council, ten days' notice thereof is given by the auditor by publication in a daily newspaper published in the city of Portland; such notice must substantially contain the matters required to be entered in the docket of city liens, concerning such assessment." The errors assigned in the petition for the writ of review in this case, are that the record attacked in this proceeding does not show that the notice required by the section just quoted was ever given. That such notice was given is essential to the validity of the ordinance, and the assessment cannot be questioned.

The city council of Portland in passing the ordinance and levying the assessment under review, was in the exercise of "a statute authority in derogation of the common law," which it could only exercise in strict pursuance of the mode prescribed by the statute. Without the notice prescribed by sections 79 and 89 of the charter, the proceeding was without jurisdiction and was void.

Appellants admit the correctness of these principles, and admit that it is a general rule of law that "the jurisdiction of limited and inferior tribunals must be shown affirmatively

to confer validity on their acts and will not be presumed," and they seek to sustain the ordinance and assessment under review, entirely upon the theory that section 139 of the charter of the city of Portland reverses the general rule of law, and imposes upon the party denying the validity of the ordinance and assessment the burden of showing affirmatively that the city council acted without jurisdiction.

It is conceded that but for this section of the charter it would be essential to the validity of the ordinance and assessment, that the records should contain legal proof that the requisite notices were published.  It thus becomes necessary for us to consider the effect of section 139 of the city charter on this proceeding.  That section provides that "In any action, suit or proceeding in any court, concerning any assessment of property or levy of taxes, authorized by this act, or the collection of any such tax, or proceeding consequent thereon, such assessment, levy, consequent proceeding and all proceedings connected therewith, shall be presumed to be regular, and duly done or taken, until the contrary is shown, and when any proceeding, matter or thing is by this act committed or left to the judgment of the council, such discretion or judgment, when exercised or declared, is final and cannot be reviewed or called in question elsewhere."

It may well be doubted whether this question can be so construed as to require the courts to presume the jurisdiction of the city council to pass an ordinance providing for a street improvement, or the levy of an assessment for such improvement upon the property adjoining, even in a collateral proceeding.  Without jurisdiction there could be no assessment of property or levy of taxes, authorized by the act. The attempted assessment or levy would not be authorized by the act and would be absolutely void.  No question as to its regularity could be raised.  We think that the correct construction of the section is that after jurisdiction of the subject-matter and property is acquired, without which there could be no assessment or levy, the subsequent proceedings will be presumed regular and duly done or

taken until the contrary is shown. This construction is not inconsistent with the language used, and is in accordance with the established rules of law in regard to such sales.

We are further of the opinion that the decision of the court below would have been correct, even if the presumption had been in favor of the jurisdiction of the city council. This proceeding directly attacks the ordinance and assessment. The petition alleges that no notice was given of the proposed improvement or of the assessment. To prove this, respondent caused to be presented to' the court the record. He could only show the error by the record. The record, when produced, failed to show that notice was given. If the law required him to prove a negative, the want of notice, we think he did so when he caused the record to be produced, and that failed to show that it was given.

It follows, from the views herein expressed, that the judgment of the court below ought to be affirmed.