24          N. P. T. Co. *v.* City of Portland.     [Sup. Ct.

[Filed October 20, 1886.]

## NORTHERN PACIFIC TERMINAL CO. *v.* CITY OF PORTLAND.

MUNICIPAL CORPORATIONS—EMINENT DOMAIN—POWERS OF CITY COUNCIL—
STREETS.—The common council of the City of Portland, in appropriating
property for the purpose of laying out and establishing streets and alleys,
is an inferior tribunal, and must comply strictly with every prerequisite
of the statute ; and unless it does so, its acts are void.

SAME—QUALIFICATION OF VIEWERS.—Under a statute providing that in such
case "the council shall appoint three disinterested freeholders of the
city, no kin to any owner or person interested in any property to be ap-
propriated, possessing the qualifications of jurors of the Circuit Court of
the County of Multnomah, to view such proposed street," a finding by the
council that the viewers " are freeholders within the State of Oregon," and
" disinterested in the property proposed to be appropriated," is insuffi-
cient.

SAME — PROOF OF QUALIFICATIONS.—Nor can such defect be supplied by
affidavit of the viewers themselves. The council must appoint persons
who are qualified; and their record must show the facts. Finding the facts
in the very words of the law is not enough. Such finding is a conclusion·
of law, and not a recital of the facts on which jurisdiction depends.

SAME—JURISDICTIONAL FACTS—PROOF OF.—A statute providing that " in all
actions, etc., concerning the opening, etc., of streets, all proceedings had
for that purpose shall be presumed to have been regularly and legally
taken until the contrary is shown," applies only to proceedings had after
jurisdiction acquired. But in this case all the prerequisites of the stat-
ute are jurisdictional.

SAME—CERTIFICATE OF CLERK AND AUDITOR—EVIDENCE.—The auditor and
clerk of the City of Portland can make and authenticate by his certificate
copies of records of which the law makes him custodian, but beyond that
his certificate is without legal effect.

MULTNOMAH COUNTY.  Plaintiff appeals.  Reversed.

*Joseph Simon*, for Appellant.

*Albert H. Tanner*, for Respondent.

STRAHAN, J.—This proceeding comes here on a writ of re-
view issued out of the Circuit Court of Multnomah County,
and directed to B. L. Norden, auditor and clerk of the City of
Portland.  The object of the writ is to review certain proceed-
ings of the common council of said city, in attempting to appro-
priate some real property owned by the plaintiff in the city,
for the purpose of extending North Third street through the
same.

The general power of the city to appropriate private property in said city for the purpose of a street extension is not disputed ; but it is insisted by the appellant that this can only be done by a strict and precise compliance with the statute authorizing it. The charter of the City of Portland, under which these proceedings were taken, so far as necessary to consider the same, contains the following provisions :

" Sec. 80.  The common council of the City of Portland has power and authority within the city, whenever it deems it expedient, to open, lay out, establish and widen streets and alleys, and to appropriate private property for that purpose.

" Sec. 81.  Whenever the council shall deem it expedient to lay out and establish or widen a street or alley, it shall direct the city surveyor to survey such proposed new street or alley * * * and to mark the boundaries thereof, and to make his report, containing a plat of the survey, etc.

" Sec. 82.  Thereafter, and within thirty days from the adoption of such report, the council shall appoint three disinterested freeholders of the City of Portland, no kin to any owner or person interested in any property to be appropriated, possessing the qualifications of jurors of the Circuit Court of the County of Multnomah, to view such proposed street, and make an assessment of damages and benefits, as provided in the next following section of this act * * *

" Sec. 84.  If it shall appear to the council that the damages assessed are unreasonable, or that the benefits assessed are insufficient in any respect, the council may set aside such view, and order another view, under the same regulations as provided in case of the first view. * * * "

The only recital in the record made by the council on the subjects enumerated in section 82 is as follows :

" Whereas R. L. Durham, C. C. Redman, and Edward Champion are freeholders within the State of Oregon, and are disinterested in the property and lands proposed to be appropriated in the opening, laying out and establishing of the extension of North Third street, from the north line of H street to the west line of North Front street, in the City of Portland,

County of Multnomah, and State of Oregon—said extension to be seventy feet in width—and whereas said persons possess the qualifications of jurors of the Circuit Court of Multnomah County, and are not of kin to any person owning or interested in the property to be appropriated for such purpose," etc.

The common council of the City of Portland, in exercising the powers conferred by the charter relative to the appropriation of private property for the purpose of opening, laying out and establishing streets or alleys within said city, is an *inferior tribunal*, and it must comply strictly with every prerequisite of the statute; and unless it does so its acts are void. This does not seem to be seriously questioned, but it is contended by the city attorney that compliance is shown, and this is the question to be determined.

The finding by the council shows that " R. L. Durham, C. C. Redman, and Edward Champion *are freeholders within the State of Oregon.*" The charter requires that they should be " *disinterested freeholders of the City of Portland.*" It is true that it is recited that they " are disinterested in the property proposed to be appropriated," but this does not show they are qualified, for the reason they may have other interests to be affected outside of the property sought to be appropriated, and so nct disinterested freeholders, within the meaning of the charter. Again, they must possess the qualification of jurors of the Circuit Court of Multnomah County. The finding in the very words of the law, that they do possess those qualifications, is not enough. Such a finding only states a legal conclusion and is not a recital of the facts, the existence of which alone authorized the common council to act. In the case of *State* v. *Officer*, 4 Or. 180, the language of the record was as follows : " Proof of posting notices having been made to the *satisfaction* of the court," etc. " Does this language," says the court, " disclose the necessary jurisdictional facts to warrant the court in proceeding ? is the question. The county court, in its proceedings by the location of public highways to condemn the lands of private persons to public use, is only required to cause constructive notice to be given by the petition-

ers of their application for that purpose. This notice is to be given by posting the same at the *time,* at the *places,* and in the manner prescribed by law; and the language of the record should show *affirmatively* that this law had been strictly complied with." (*Kansas City & C. B. R. R. Co.* v. *Campbell,* 62 Mo. 585.) The court continues: "We do not think that it is sufficient to say that proof of the posting of the notices was made to the *satisfaction* of the court. That proof which might satisfy the court might not satisfy the law." To the same effect is *Fravert* v. *Finfrock,* 1 Western Reporter, 231; *Dick* v. *Wilson,* 10 Or. 490; and to the same effect is *Wright & Jones* v. *Edwards,* 10 Or. 298. In that case Lord, J., in delivering the opinion of the court, said: "But the case is different, where there is an entire want of facts prerequisite to jurisdiction disclosed upon the face of the petition. Then the want of jurisdiction affirmatively appears, and the sale cannot be upheld when collaterally assailed. In such case there is no room to indulge in presumptions. The petition is not silent, it speaks for itself. It shows what was required to give jurisdiction was not done, and it is useless to look beyond. The authority of the court to act was wanting, and the proceedings are a nullity." But it is claimed that section 93 of the charter has changed the rule of law above suggested. That section is in these words:

"Sec. 93. In all actions, suits, and proceedings concerning the opening, laying out, establishing, or widening of any street or alley, under the provisions of this act, all the proceedings had for that purpose shall be presumed to have been regularly and legally taken until the contrary is shown."

In construing a similar section in *Van Zant* v. *The City of Portland,* 6 Or. 395, this court said: "We think that the correct construction of the section is, that after jurisdiction of the subject matter and property is acquired, without which there could be be no assessment or levy, the subsequent proceedings will be presumed regular, and duly done or taken, until the contrary is shown." Here we hold that all of the prerequisites of the statute are jurisdictional, and must be complied with, or else the property is not appropriated.

One other question was suggested, but we think the record does not sufficiently disclose the facts to enable us to consider it. It is said that the plaintiff has received from the City of Portland the amount of money specified in the report of the viewers ; but this fact does not appear in the record. The only reference to it is in a certificate made by the auditor and clerk of the city ; but we are unable to find any authority in the city charter, making his certificate evidence of any facts whatever. He can make and authenticate by his certificate copies of all records of which the law makes him the custodian, but beyond this his certificate is without legal effect.

It was also argued by the city attorney, that the affidavit made by the viewers supplied the omissions in the record of the proceedings of the common council. There are two objections to this argument. The first is, that the council must appoint persons who are qualified, and their record must show the facts. The persons appointed cannot be the judges of their own qualifications. Nor are they authorized by the charter to furnish proof of their qualifications after their appointment. The other objection is that, as a matter of fact, it does not appear from this affidavit that they are " disinterested freeholders of the City of Portland." Their affidavit is as follows :

" I, R. L. Durham and I, C. C. Redman, and I, Edward Champion, each for himself, being first sworn on oath, say that I am a citizen of the United States, and of the City of Portland, County of Multnomah, State of Oregon, and above the age of twenty-one years, of sound mind, and not of kin to any person interested in any property to be appropriated for such proposed extension of North Third street, direct and northerly from the north line of H street to the west line of North Front street, in said city ; and that I will faithfully discharge my duties as viewer of such proposed extension, and as assigned me by the resolutions of the common council of the City of Portland; and that I am a freeholder within said city.                                " R. L. Durham.
                                " E. Champion.
                                " C. C. Redman.

" Subscribed and sworn to before me the 16th day of January, A. D. 1886.

" B. L. NORDEN,
" Auditor and Clerk of the City of Portland."

It is not necessary now to consider what would be the effect of this record if attacked collaterally, or what presumptions could be invoked to support it. It is sufficient to say that it is directly attacked by this proceeding, and it must stand or fall by what it contains. (*Van Zant* v. *The City of Portland, supra.*) It follows that the judgment must be reversed, and the cause remanded for further proceedings in the court below, not inconsistent with this opinion.