Argued March 23, affirmed April 14, rehearing denied May 26, 1914.

## THURMAN *v.* MULTNOMAH COUNTY.

(140 Pac. 626; 141 Pac. 1015.)

**Dedication—Operation and Effect—Property Included.**

1. The ground on the south side of a street attempted to be included in a boulevard formed by the widening of the street 20 feet on each side is not affected by a deed of dedication of property on the north side of the street bounded on the south by the north line of the boulevard, though at the time of the dedication the grantors owned the land on both sides of the street.

[As to what amounts to a dedication of highways, see note in 57 Am. St. Rep. 749.]

70 Or.—26

**Dedication—Streets—Vacation of Plat.**

2.   Whatever effect the vacation of a plat on the north side of a street may have on the portion of lots on that side of the street which is included in an attempted widening of the street, it has no effect on lots south of the street.

**Eminent Domain—Proceedings to Take Property—Notice to Owners.**

3.   Under a city charter provision requiring notice to owners of proceedings to condemn land for a street extension, an owner who is given no notice is not bound, and a conveyance according to the old plat takes to the original line of the street.

> [As to the validity of an eminent domain statute which fails to provide for notice of condemnation to land owner, see note in Ann. Cas. 1913A, 1256.]

**Eminent Domain—Proceedings to Take Property—Statutory Provisions.**

4.   A city in eminent domain proceedings is an inferior tribunal, and must strictly comply with the statute, or its acts are void.

From Multnomah: Henry E. McGinn, Judge.

Department 2.   Statement by Mr. Justice Eakin.

This is a suit by R. E. Thurman and Minerva Thurman, his wife, against Multnomah County, a municipal corporation, City of St. Johns, a municipal corporation, defendants, and W. S. Kellogg, L. E. Rose and Whitney Rose, interveners.   The facts are as follows:

The defendant City of St. Johns claiming that what was shown on Miner's Addition as "6th St." has been enlarged, 20 feet taken from adjoining property on both the north side of the street and on the south side, and the name changed to "Willamette Boulevard," the plaintiffs, being the owners of lot 1, block 22, of Miner's Addition, bring this suit to quiet their title thereto.   The lot in question as platted was 25 by 100 feet.   When that addition was laid out and platted, what is now known as Willamette Boulevard, being claimed as 100 feet wide, was dedicated by Miner in said plat as Sixth Street, which was only 60 feet wide. It is now contended by plaintiffs that Sixth Street is the only public easement.   A. L. Miner platted and

dedicated the A. L. Miner's Addition December 10, 1889, which included the land over which Willamette Boulevard was afterward attempted to be located, and the lots on either side of Sixth Street attempted to be condemned therefor. Thereafter, although it does not appear when or how, the portion of A. L. Miner's Addition north of the north line of Sixth Street was vacated and thrown into acreage, and prior to February 17, 1902, Hartman, Thompson & Powers became the owners of both that portion of Miner's Addition so vacated and the portion of that addition south of the north line of Sixth Street. On that day they platted into tracts and streets as St. Johns Heights the part of Miner's Addition which had been vacated, and which was described by metes and bounds, including only the ground north of the north line of Willamette Boulevard, and leaving out of the plat the south 20 feet of the lots bordering on the north of Sixth Street, and supposed to be in the boulevard. Thus it remained when plaintiff acquired title to lot 1 of block 22 of Miner's Addition, unless it was affected by adverse user, or by the effort of the City of Albina to condemn, on the south of Sixth Street, the north 20 feet of the lots mentioned.

The defendant, the City of St. Johns, answered the complaint, alleging the widening of Sixth Street to 100 feet, taking 20 feet off of lot 1, block 22, by the City of Albina, as well as 20 feet off the south side of the lots north of Sixth Street; also alleging title in the city to the boulevard by adverse user, and a dedication by Hartman, Thompson & Powers by their platting of St. Johns Heights. Defendants Kellogg and Ross appeared as interveners, claiming that they owned lots on the north side of the boulevard, and would be injured if the street should be confined to Sixth Street;

it being only 60 feet wide. From a decree for plaintiffs, defendants appeal.

AFFIRMED. REHEARING DENIED.

For the appellant, City of St. Johns, there was a brief and an oral argument by *Mr. O. J. Gatzmyer.*

For appellants, the interveners, there was a brief and an oral argument by *Mr. George J. Perkins.*

For respondents there was a brief over the names of *Messrs. Collier & Collier,* and *Messrs. Chamberlain, Thomas & Kraemer,* with oral arguments by *Mr. John A. Collier* and *Mr. Warren E. Thomas.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The ground attempted to be included in the boulevard is not affected by the dedication of St. Johns Heights by Hartman, Thompson & Powers on the 17th day of February, 1902, for the reason that the ground platted extended south only to the north line of Willamette Boulevard, and does not dedicate the boulevard or any ground included in it. The only question that might be considered open for discussion in regard thereto is whether Hartman, Thompson & Powers, having marked upon its plat some of the lines of blocks 21, 22, 23, and 24, and the intervening streets, and the Willamette Boulevard as bounding or adjoining the ground platted, and at the time of filing the plat owning, also, the ground south of the St. Johns Heights, are bound to a dedication of such boulevard or street. The deed of dedication of St. Johns Heights has no relation to said boulevard, nor does it affect any land except that bounded by its terms. There was no purpose to affect the original dedication or plat of A. L. Miner's Addition south of the north line of Sixth

Street, and the court cannot now give it such effect. Plaintiffs' deed from Hartman, Thompson & Powers describes the property in question in this case by the original plat, upon which plaintiffs have a right to rest their title.

2, 3. What effect the vacation of the ground now covered by the St. Johns Heights and the dedication thereof by Hartman, Thompson & Powers has on the portion of the lots extending south of the north line of the boulevard, namely, to the north line of Sixth Street, is immaterial here, and we do not decide; but it has no effect upon the lots in block 22 of A. L. Miner's Addition. Therefore no part of lot 1, block 22, was dedicated to the public as a street, and the record shows that the whole of lot 1, block 22, has at all times remained in the exclusive possession of plaintiffs and their grantors. It has not been acquired by the city by adverse user, and the question to be determined is whether the lot has been acquired by the public by the exercise of eminent domain, which was attempted by the City of Albina under Section 82 of its charter, of date February 20, 1889, page 258, and Section 83 thereof, as amended February 20, 1891, page 945. Said Section 82, in relation to widening streets and condemning private property therefor, provides that within 60 days from the adoption of the surveyor's report the council shall appoint viewers to assess damages accruing to the owners of the ground taken and benefits resulting to the owners, and "shall assign a day and place for them to meet, and shall cause a notice to be given * * and the police judge shall send by mail postpaid a copy of such notice to each owner of property affected by such proceeding." There is no provision in the charter as to what notice must be given to the owner, that is, for what length of time

before the meeting of the viewers; but the record is entirely silent as to the giving of any notice by the police judge to owners, and therefore Miner was not bound by the attempted condemnation of a portion of lot 1, block 22. When Hartman, Thompson & Powers conveyed to plaintiffs, they simply conveyed the lot as platted in Miner's Addition. Therefore plaintiffs took the whole lot, and are entitled to have it quieted as prayed.

4. The city in eminent domain proceedings is an inferior tribunal, and must strictly comply with every prerequisite of the statute. If it does not, its acts are void: *Northern Pacific Terminal Co.* v. *Portland,* 14 Or. 24 (13 Pac. 705, 708).

The decree of the trial court is affirmed.

                    Affirmed.    Rehearing Denied.

Mr. Chief Justice McBride, Mr. Justice Bean and Mr. Justice McNary concur.

---

Denied May 26, 1914.

## On Petition for Rehearing

(141 Pac. 1015.)

Mr. Justice Eakin delivered the opinion of the court.

Neither plaintiff's property nor the deed therefor has any relation to the plat and dedication of St. Johns Heights, nor has the plat or dedication of the latter anything to do with the Willamette Boulevard, other than it is referred to as a boundary thereof, not being included in the platted ground or dedication. Plaintiff's property or deed therefor has no reference to blocks 18, 19, and 20 thereof, nor have the parties interpleading any rights or interest in the subject of

the litigation, other than to sustain the contention of the defendant Multnomah County for a 100-foot street. The authorities cited by defendant's counsel are not in point, as those cases refer to streets disclosed by the plat under which the grantee claimed. Plaintiff's deed makes no reference to the Willamette Boulevard, and there is nothing shown in this case that amounts to an estoppel against plaintiff.

The petition is denied.

Affirmed. Rehearing Denied.

Mr. Chief Justice McBride, Mr. Justice Bean and Mr. Justice McNary concur.