[Civ. No. 1752.   Second Appellate District.—July 1, 1915.]

## ANNA M. HAWLEY et al., Appellants, v. STATE ASSURANCE COMPANY, Limited, Respondent.

FORECLOSURE OF MORTGAGE—ACTION TO SET ASIDE JUDGMENT—FAILURE TO SERVE SUMMONS—PLEADING—SUFFICIENCY OF COMPLAINT.—In an action brought by a married woman and her husband to set aside a judgment of foreclosure, a complaint alleging that she was the owner of the property and was not served with summons or any process in the foreclosure suit, but that the husband, acting without her knowledge or consent, permitted a voluntary appearance to be made in that suit on her behalf, is good as against a general demurrer, and it was error for the court to sustain such a demurrer and to enter judgment for the defendants upon the failure of the plaintiffs to amend.

ID.—JUDGMENT—ENTRY BY MISTAKE—SECTION 473 CODE CIVIL PROCEDURE.—Section 473 of the Code of Civil Procedure affords a means at law whereby a party may be relieved upon motion in that behalf made from a judgment taken through his mistake, inadvertence, surprise, or excusable neglect. And against any judgment so taken, a court of equity will refuse to relieve the party on the ground that he must resort to the remedy at law which is deemed to be adequate and complete.

ID.—ABSENCE OF NOTICE OF ACTION—LACK OF ADEQUATE REMEDY AT LAW—EQUITY.—Where the judgment in such a case is one which

has been taken against a party without any notice whatever, it is not a judgment taken through "his mistake, inadvertence, surprise, or excusable neglect," and no adequate remedy at law is given by the statute; and the party may resort to equity to obtain redress because of the fraud, at any time within the period fixed by the statute of limitations.

ID.—FRAUD—QUESTION OF FACT.—In such a case the charge made by the wife against the husband is in effect one of fraud and presents a question of fact for the trial court to settle.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing to vacate a judgment. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Hamilton A. Bauer, for Appellants.

Lloyd W. Moultrie, for Respondent.

JAMES, J.—An appeal has been taken in this action from the judgment as entered against the plaintiffs, and from an order refusing to vacate that judgment. The judgment was entered after failure to amend the complaint within the time allowed by the court and extended by stipulation of counsel. The motion to vacate the judgment was based upon an attempted showing of excusable neglect.

This action was commenced in the year 1912 for the purpose of having set aside a judgment of foreclosure against real property alleged to have been procured on or about the thirty-first day of July, 1911, in which action these plaintiffs were defendants. The complaint here sets out two alleged causes of action, in the first of which it is alleged that the real property affected by the decree of foreclosure was the property of plaintiff Anna M. Hawley, and that she was not served with summons or any process in the foreclosure action. In the second alleged cause of action there is added the allegation that C. O. Hawley, her husband, acting without her knowledge or consent, permitted a voluntary appearance to be made in the foreclosure suit on behalf of his wife. It will be noted that more than a year elapsed from the date of the judgment in the foreclosure suit to the time this action was commenced. From affidavits filed on the motion to set aside the judgment entered herein, it appears that demurrers had

previously been sustained to the complaint, and to the first amended complaint filed by these plaintiffs. The ground assigned for demurrer was that sufficient facts were not stated to constitute a cause of action as to either count of the complaint. We have first to consider as to whether the demurrer to the second amended complaint was well taken. It is alleged that the plaintiff Anna M. Hawley ''had no knowledge of any legal proceeding brought by any person or persons against her in connection with the property hereinbefore mentioned; and said plaintiff further alleges that she has never, with her knowledge or consent, appeared or authorized any appearance for her in any manner whatsoever in connection with any legal proceedings connected with the herein described property, except such proceedings as were begun by her subsequent to July, 1912.'' This allegation appears in the statements of both alleged causes of action. From this allegation it cannot be told at what time the plaintiff Anna M. Hawley obtained knowledge of the fact that judgment had been entered against her in the foreclosure suit; for aught that is shown, she may have had that knowledge immediately upon the entry of that judgment. Section 473 of the Code of Civil Procedure, affords a means at law whereby a party may be relieved upon motion in that behalf made from a judgment taken through his mistake, inadvertence, surprise, or excusable neglect. And against any judgment so taken equity will not relieve the party, on the ground that he must resort to his remedy at law which is deemed to be adequate and complete. (*Ede* v. *Hazen,* 61 Cal. 360; *Heller* v. *Dyerville Mfg. Co.,* 116 Cal. 127, [47 Pac. 1016].)   Where the judgment is one which has been taken against a party without any notice whatsoever, our supreme court has said that it is not a judgment taken through ''his mistake, inadvertence, surprise, or excusable neglect.'' Agreeable to this conclusion, it is held that in such a case no adequate remedy at law is pointed out by the statute, and that the party may resort to equity to obtain redress because of the fraud. (*Baker* v. *O'Riordan,* 65 Cal. 368, [4 Pac. 232]; *California Beet Sugar Co.* v. *Porter,* 68 Cal. 369, [9 Pac. 313].) And that an action in such a case may be brought at any time within the period fixed by the statute of limitations. (*Estudillo* v. *Security Loan etc. Co.,* 149 Cal. 556, [87 Pac. 19].)   The statement made by the plaintiff Anna M. Hawley in its practical effect

is a charge of fraud against her own husband, and as nothing appears in her complaint to indicate that the parties are not living together as husband and wife and have not been so living during the course of all the proceedings referred to, it may well tax the credulity of the ordinary person to believe that the husband when he caused appearance to be made in the foreclosure action for himself and his wife, was not authorized by the latter so to do on her behalf. However, that matter is one of fact for the trial court to settle, for it must be held, we think, that the complaint on its face presented sufficient facts to sustain the action as against the demurrer. For this reason the judgment should be reversed. This conclusion renders it unnecessary to give any special consideration to the complaint that the trial court erred in its refusal to vacate the default judgment entered after the overruling of the demurrer.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 24, 1915.