Argued October 30, reversed November 21, 1916.

## LIEBLIN *v.* BREYMAN LEATHER CO.

### (160 Pac. 1167.)

**Insane Persons—Service of Summons—Statute—Construction.**
    1. Under Section 55, subdivision 4, L. O. L., providing that in the
case of a person judicially declared to be of unsound mind and for
whom a guardian has been appointed summons shall be served by de-
livering a copy, with a certified copy of the complaint, to such guard-
ian and to the defendant personally, service only upon a defendant,

who had been adjudged insane and for whom a guardian had been appointed, was not sufficient.

[As to due process of law as applied to insane persons, see note in 43 Am. St. Rep. 531.]

**Pleading—Action to Vacate Judgment—Demurrer.**

2. In a suit to cancel a judgment and restrain execution against land of which plaintiff alleged he was the owner, if defendant desired a more detailed statement as to the derivation of plaintiff's title to the land, he should have proceeded by motion, or in some other manner than by demurrer.

**Judgment—Action to Vacate—Grounds—Fraud.**

3. Where a trial court had jurisdiction to render a judgment, in order to assail it, although irregular or voidable, it would be necessary to allege that there was fraud or unfairness in the obtainment thereof.

**Judgment—Action to Vacate—Nature—"Direct Attack."**

4. A suit to cancel a judgment and to enjoin the enforcement thereof by execution against land of which plaintiff claims to be owner is a direct, and not a collateral, attack upon the original judgment.

**Execution—Injunction—Judgment Against Another.**

5. The owner of real property has the right to restrain the sale thereof under a judgment against a third party, for the payment of which the owner of such realty is not liable.

From Wasco: WILLIAM L. BRADSHAW, Judge.

In Banc.    Statement by MR. JUSTICE BEAN.

This is a suit by Frank Lieblin against the Breyman Leather Company, a corporation, and Levi Chrisman, to cancel and restrain the enforcement of a judgment. From a decree sustaining a general demurrer to plaintiff's complaint and dismissing the suit, plaintiff appeals. On December 21, 1911, defendant, the Breyman Leather Company, filed a complaint in the Circuit Court for Wasco County against John W. Dickens, for the recovery of the sum of $1,117.73. On the same date it filed an affidavit and undertaking for attachment against the property of said John W. Dickens, and a writ of attachment was issued, directing the sheriff to attach all the property of the said John W. Dickens within Wasco County, Oregon, not exempt from execution, or as much as would be sufficient to

satisfy the judgment of the Breyman Leather Company. On that date the sheriff attached the real property claimed to be owned by the plaintiff in this case as the property of said John W. Dickens. On March 26, 1912, said John W. Dickens was, by order of the County Court of Wasco County, adjudged to be an insane person, and on the second day of April, 1912, letters of guardianship were issued to Ida M. Dickens as the guardian of the person and estate of John W. Dickens. On April 17, 1913, in the case of *Breyman Leather Company* v. *John W. Dickens,* summons was served on the said John W. Dickens personally and in person, but was not served upon his guardian. On March 6, 1914, the Breyman Leather Company recovered judgment against said John W. Dickens for the amount prayed for in its complaint, and for its costs and disbursements, and the attached property was ordered sold to satisfy the same. On August 5, 1914, an attachment execution issued on said judgment, commanding and directing the sheriff of Wasco County to sell the property attached in said action for the satisfaction of said judgment. The sheriff of Wasco County was proceeding to advertise this property for sale at the time this suit was filed, praying for a writ of injunction to enjoin the sheriff from selling said premises at execution sale. Thereafter defendants interposed their demurrer in this suit upon the ground that the complaint does not state facts sufficient to constitute a cause of suit, and the Circuit Court entered an order sustaining said demurrer.

REVERSED.

For appellant the case was submitted on a brief prepared by and over the name of *Mr. Robert R. Butler.*

For respondents there was a brief over the names
of *Mr. C. L. Pepper* and *Messrs. Hurlburt & Layton,*
with an oral argument by *Mr. Pepper.*

MR. JUSTICE BEAN delivered the opinion of the court.

In addition to the facts stated above, plaintiff al-
leges that he is the owner of the real estate attached
in the action against John W. Dickens, and that on
account of a lack of service of the summons upon Ida
M. Dickens, the guardian of the defendant in that
action, the Circuit Court which rendered the judgment
did not acquire jurisdiction over the person of that
defendant so as to authorize the rendition of the judg-
ment, and that the same is absolutely void, and should
be canceled and the enforcement upon execution en-
joined in order to prevent a cloud upon plaintiff's title
to the land. The manner of service of summons is
regulated by statute, and so long as the legislative
enactment does not provide for the taking of property
without due process of law, its mandate in this re-
spect must be obeyed. Service of summons upon a
person judicially determined to be of unsound mind,
for whom a guardian has been appointed, is directed
by Section 55, L. O. L., to be made in the following
manner:

"The summons shall be served by delivering a copy
thereof, together with a copy of the complaint pre-
pared and certified by the plaintiff, his agent or attor-
ney, or by the county clerk, as follows: * * 4. If
against a person judicially declared to be of unsound
mind, or incapable of conducting his own affairs, and
for whom a guardian has been appointed, to such
guardian and to the defendant personally."

1. Before the court is clothed with jurisdiction to
render a judgment against John W. Dickens, who, it

is alleged in the complaint, has been judicially declared to be of unsound mind, and for whom Ida M. Dickens has been appointed as guardian, summons must be served upon the guardian as well as upon the ward. In no other manner can there be a compliance with our statute. The laws of other states provide differently.

2. It is contended by counsel for defendant that the judgment cannot be attacked by plaintiff in this suit; that this is a collateral attack. The plaintiff asserts that he is the owner of the land, and brings this suit for the express purpose of restraining the enforcement of the judgment for the reason that his rights will be injuriously affected. If the defendant desires a more detailed statement as to the derivation of plaintiff's title to the land, he should have proceeded by motion or in some other manner than by demurrer.

3, 4. If the trial court had obtained jurisdiction to render the judgment in question, then in order to assail it, although the same be irregular or voidable, it would be necessary to allege that there was fraud or unfairness in the obtainment thereof. This suit is for the purpose of canceling the questioned judgment, and for an injunction to enjoin the enforcement thereof upon execution. It is a direct attack upon the original judgment: 3 Words and Phrases, 2070; *Morrill* v. *Morrill*, 20 Or. 96 (25 Pac. 362, 23 Am. St. Rep. 95, and note, 11 L. R. A. 155, and note); *Walker* v. *Goldsmith*, 14 Or. 125 (12 Pac. 537); *Smith* v. *Morrill*, 12 Colo. App. 233 (55 Pac. 824).

5. The owner of real property has a right to restrain the sale thereof under a judgment against a third party for the payment of which the owner of such realty is not liable: *Wilhelm* v. *Woodcock*, 11 Or. 518 (5 Pac. 202).

It is suggested by defendant's counsel that the service of the summons in the original action can be completed. It may be that upon the development of the equities of the case other questions may arise, but until they do, it would be premature to discuss them.

The lower court erred in sustaining the demurrer to the complaint; and the decree is reversed and the cause is remanded, with directions to overrule the demurrer, and for such other proceedings as may be deemed proper, not inconsistent herewith.

REVERSED.

———————

Motion to dismiss appeal allowed October 10, rehearing denied November 27, 1916.