Argued March 22, reversed June 12, 1928, rehearing denied July 17, 1928.

## L. D. GORDON ET AL. *v.* F. L. ADAMS ET AL.

### (268 Pac. 60.)

**Action—Answer Attacking Certificate of Delinquency in Ejectment Action by Purchasers at Foreclosure Sale Thereof Held Direct Attack on Tax Proceedings, Which Court Could Consider (Or. L., § 390).**

1. In action in ejectment by purchasers at foreclosure sale of certificate of delinquency, answer challenging plaintiffs' title on account of invalidity of certificate and of proceedings for foreclosure thereof *held* to involve direct attack upon the proceedings under Section 390, Or. L., permitting assertion of right to equitable relief in answers in actions at law, and court was therefore required to determine validity of certificate and of foreclosure decree.

Taxation—Failure to Name Owners not Appearing on Tax Roll on Publication of Summons in Proceedings by County to Foreclose Certificate of Delinquency Did not Render Proceedings Void (Or. L., § 4351, as Amended by Laws 1923, p. 406, § 1).

2.  Where holders of legal title did not appear on latest tax roll as owners, failure to name them as defendants in published summons or to mail them copy of summons in foreclosure of certificate of delinquency for taxes by county, to whom certificate was issued under Section 4351, Or. L., as amended by Laws of 1923, page 406, Section 1, did not render foreclosure proceedings void.

Taxation — Certificate of Delinquency Issued County Held Void Where County had Issued Prior Outstanding Certificate to Individual (Or. L., § 4357, and § 4351, as Amended by Laws 1923, p. 406, § 1).

3.  Certificate of delinquency issued to county under Section 4357, Or. L., and Section 4351, as amended by Laws of 1923, page 406, Section 1, *held* void, where prior outstanding certificate of delinquency had been issued to individual, since statute requires that certificate to county to be valid must be issued after expiration of three years from date of delinquency, when property remains on tax roll for which no prior certificate has been issued; issuance of certificate to individuals being governed by Section 4343, as amended by Laws of 1921, page 358, and Laws of 1927, page 304.

Taxation—Former Legal Owners Could have Title Quieted on Payment of Taxes, Interest, Penalties, Costs and Charges Where Certificate of Delinquency Issued County was Void (Or. L., § 4357, and § 4351, as Amended by Laws 1923, p. 406, § 1).

4.  Where issuance of certificate of delinquency to county under Section 4357, Or. L., and Section 4351, as amended by Laws of 1923, page 406, Section 1, and Section 4354, as amended by Laws of 1923, page 89, was void, persons owning legal title at time of tax proceedings were entitled to have their title quieted, provided taxes, interests, penalties, costs and charges on account of taxes were paid to county and purchaser of certificate of delinquency.

Actions, 1 C. J., p. 1053, n. 87.
Taxation, 37 Cyc., p. 1373, n. 15.

From Coos: JOHN C. KENDALL, Judge.

Department 2.

On December 9, 1924, plaintiffs filed an action in ejectment for the possession of the east twenty-five feet of lot 5, block 17, of the town of Marshfield, Coos County, Oregon, according to the Hall plat on file in the office of the county clerk of said county. Defendants filed an answer admitting that F. L. Adams

and Mrs. F. L. Adams were in possession of the premises described in the complaint as tenants of Clara A. Busse and Henry Busse.

Defendants pleaded, in effect, as an equitable defense to the complaint of plaintiffs, that defendant Clara A. Busse is the owner in fee simple of the property described in the complaint and that she and her husband have been such owners since April, 1916. And set forth all the proceedings and facts, challenging the title of plaintiffs under and by virtue of a certificate of delinquency for taxes for the years 1917 and 1918, issued to Coos County, and foreclosed by proceedings in the Circuit Court and a sale made according to the decree rendered therein to plaintiffs, and alleging that for the reasons stated therein the certificate of delinquency and the decree foreclosing the same are void. Defendants tendered into court an amount for the taxes, penalties and interest due on the property. A reply was filed denying some of the allegations and answering the equitable defense.

After a trial the court rendered a decree in favor of plaintiffs to the effect that plaintiffs were the owners and entitled to the possession of the real estate described in the complaint. From this decree the defendants appeal.        REVERSED.

For appellants there was a brief over the name of *Mr. B. Swanton,* with an oral argument by *Mr. T. T. Bennett.*

For respondents there was a brief over the name of *Mr. James T. Brand,* with an oral argument by *Mr. A. K. Peck.*

BEAN, J.—It is shown by the record that on April 12, 1916, Clara A. Busse and her husband were the owners of the legal title to lot 5, block 17, town of Marshfield, Coos County, Oregon.

On May 5, 1918, Coos County sold a certificate of delinquency on lot 5, block 17, town of Marshfield, to one P. H. Coshun for $182.29. Coshun started foreclosure proceedings on the certificate of delinquency in the Circuit Court for Coos County shortly prior to the filing of the case of *Coos County* v. *Akin,* hereinafter referred to, and it remained on the docket until after the decree and sale in the latter case.

On the twenty-fourth day of January, 1923, Coos County issued a certificate of delinquency in book form for the 1917 taxes against lot 5, block 17, town of Marshfield, with numerous other pieces of property, to itself and without taking up or paying off the Coshun certificates of delinquency above referred to.

On January 30, 1923, Coos County commenced foreclosure proceedings, being the case of *Coos County* v. *Akin,* to foreclose on the tax certificate of delinquency issued to Coos County for the year 1917, and for the year 1918. In this proceeding Louise Busse Haines, whose name appeared upon the tax roll as the owner of said real estate, was made a party defendant. Neither Clara Busse nor Henry Busse was made a party defendant in the proceedings. The defendant attacks the validity of the proceedings, foreclosing the certificate of delinquency by the county in its answer and brief, first, for the reason that an affidavit of service of summons by publication was made in the case, but did not set

forth the jurisdictional requirements for service of summons by publication as in an ordinary suit.

On September 25th the order of default was entered as of the fourth day of September, 1923. Findings of fact and conclusions of law were filed and the decree rendered dated the fourth day of September, 1923. On September 26th the county clerk made a certificate as to the decree. The sheriff gave notice that he would sell the property on the twenty-seventh day of October for the amount of the taxes due, $316.03, with interest at 12 per cent from the date of the decree. On October 27th the sheriff held a sale and there were a great many pieces of property sold.

Gordon and Wells, plaintiffs, appeared at the sale and bought in the east twenty-five feet of lot 5, block 17, town of Marshfield, bidding therefor the amount of the judgment against the property. They did not bid or pay the interest at the rate of 12 per cent from the date of the decree, as provided in the notice of sale, but paid only the amount due at the date of the decree on September 4th. They also offered to pay taxes for the years subsequent to 1918, and did pay the same to the sheriff, but they never paid the amount of the Coshun certificate of delinquency, $182.29, or any interest thereon.

Defendant Clara Busse alleges that there were a great many purchasers at this sale and the attorney for Gordon and Wells, soon after the bid had been made, rushed into the sheriff's office and asked for a deed so that Clara Busse's right of redemption from the sale would be cut off.

Plaintiffs first contend that defendants are not in a position to attack the judgment and decree, for the reason the answer of defendant Clara Busse, to

whom we will hereafter refer as defendant, is not a direct attack upon the decree.

1. The answer is interposed under the provisions of Section 390, Or. L., which provides, in effect, that in an action at law where the defendant is entitled to relief arising out of facts requiring the interposition of a court of equity, and material to his defense, he may set up such matter by answer, without the necessity of filing a complaint on the equity side of the court; and the plaintiff may, by reply, set up equitable matter not inconsistent with the complaint, and constituting a defense to the new matter in the answer. The section further provides that the parties shall have the same rights in such case as if an original bill embodying the defense or seeking the relief prayed for in such answer or reply had been filed. Therefore, the answer in this suit must be treated as a direct attack upon the proceedings foreclosing the delinquency certificate and we are required to determine whether or not the certificate of delinquency and the decree foreclosing the same are void, as alleged by defendant: *Acton* v. *Lamberson,* 102 Or. 472, 482 (202 Pac. 421, 202 Pac. 732); *Lieblin* v. *Breyman Leather Co.,* 82 Or. 22 (160 Pac. 1167); *Hembree* v. *McFarland,* 55 Wash. 605 (104 Pac. 837, 838); *Silverstone* v. *Totten,* 50 Wash. 447 (97 Pac. 491).

Section 4351, Or. L., relating to certificates of delinquency issued to a county, and the foreclosure thereof, provides as follows:

"After the expiration of three years from the date of delinquency, when any property remains on the tax rolls for which no certificate of delinquency has been issued the sheriff shall proceed to issue certificates of delinquency on said property to the

county, and shall file said certificate when completed with the county clerk.''

The section, as amended by Chapter 276, General Laws of Oregon, 1923, page 406, then provides for proceedings to foreclose in the name of the county, the tax liens embraced in such certificates and that the same proceedings shall be had as when held by an individual,

"provided, that for the purpose of this section and in all foreclosures by a county summons may be served or notice given exclusively by publication in one general notice, describing the property as the same is described on the tax rolls. Such summons or notice shall be published once a week for six consecutive weeks, and it shall not be necessary to mail any copy of such summons or application to any defendant named or any person interested in any of the property described therein in any such county foreclosure. Said certificates of delinquency issued to the county may be issued in one general certificate in book form, including all property, and the proceedings on the part of the county to foreclose the liens against said property may be brought in one action, and all persons interested in any of the property involved in said proceedings may be made codefendants in said action, and if unknown may be therein named as unknown owners, and the publication of such notice shall be sufficient service thereof on all persons interested in the property described therein. The name of the person or persons appearing on the latest tax roll in the hands of the sheriff for collection at the date of the first publication of such summons or notice as the owner or owners of said property shall, for the purpose of this section and all foreclosures by counties, be considered and treated as the owner or owners of said property and said proceedings shall be and be deemed and considered a proceeding *in rem* against the property itself; and if upon said roll it appears

that the owner or owners of said property are unknown, then said property shall be proceeded against as belonging to an unknown owner or owners, as the case may be, and all persons owning or claiming to own or having or claiming to have an interest therein, are hereby required to take notice of said proceedings, and of any and all steps thereunder. The publication of the summons or notice required by this section shall be made by the sheriff in some newspaper printed, published and in general circulation in the county, to be designated by the county court; * * ''

Then follows the provision in regard to the price charged for publication.

2. There are two provisions for the foreclosure of certificates of delinquency; one as provided by Section 4343, Or. L., amended by General Laws of Oregon, 1921, page 358, and the other by General Laws of 1927, Chapter 243, where the certificate is held by an individual.

The other, where the certificate of delinquency is issued to a county the proceedings are directed by Section 4351, as amended. In all foreclosures by a county the statute authorizes the summons to be served exclusively by publication on all defendants in one general notice, whether the defendants are residents of the state or otherwise. It is not even necessary to mail a copy of the summons to the defendant. The law proceeds upon the theory that the owner of property knows that it is subject to taxation and will be taxed and that the taxes will become delinquent necessitating a sale of the property. The service of summons in the present case was sufficient notwithstanding that the name of the owner of the real estate was not mentioned in the summons or complaint. The name of the person appearing

on the latest tax roll in the hands of the sheriff for collection at the date of the first publication of such summons or notice as the owner of the property, as in the present case, must be considered and treated as the owner of the real estate: *Rae* v. *Morgan, ante,* p. 644 (266 Pac. 1069).

3. The only authority found in the statute for the sheriff to issue a certificate of delinquency on property to the county, is found in Section 4361, Or. L. In order for such certificate to be valid it must be issued after the expiration of three years from the date of delinquency and when the property remains on the tax roll, for which no prior certificate of delinquency has been issued.

In other words, there must be property on the tax-rolls on which no certificate of delinquency has been issued. It is not sufficient that there be a tax on the tax-roll for which no certificate of delinquency has been issued. This is in accordance with the plain requirement of the statute, which has been embodied in each amendment thereof.

The statute appears to enunciate a policy for the issuance to individuals of as many certificates of delinquency where taxes are delinquent as possible, and after three years where no certificate of delinquency has been issued for property then the statute provides for a general cleanup and the issuance of certificates of delinquency in book form to the county.

Section 4357, Or. L., provides that a purchaser of a certificate of delinquency shall, before applying for judgment and decree of foreclosure, pay all taxes that have accrued on the property included in said certificate since the issuance of certificate, and any prior taxes that may remain due and un-

paid on the property. If any purchaser of delinquent certificates shall suffer a subsequent certificate of delinquency to issue on the property included in his certificate, such first purchaser shall forfeit his rights thereunder to the subsequent purchaser. There is attached to this section the proviso *"that this section shall not apply to counties* or municipalities." (Italics ours.)

The certificate of delinquency issued to the county on the property involved, to wit, lot 5, block 17, town of Marshfield, Coos County, Oregon, was therefore void as to the said property now claimed by Clara A. Busse, defendant.

We quote from the opinion in *Smith* v. *Dwight,* 80 Or. 1, 12 (148 Pac. 477, 156 Pac. 573, Ann. Cas. 1918D, 563):

"A tax sale, under our present statute, is not required to be confirmed. A taxpayer in default is seldom present; hence the proceedings should be closely scrutinized, and, wherever the rights of the delinquent taxpayer have not been accorded the protection, which the law affords, the sale should be set aside. (2 Cooley, Taxation (3 ed.), p. 943.)"

The notice of sale in *Coos County* v. *Akin* provides that the sheriff will sell the property in controversy for $316.03, together with interest at 12 per cent per annum. Section 4354, Or. L., as amended by 1923 Session Laws, page 89, provides: "And such several judgments and decrees shall draw and bear interest at the same rate from the date of entry thereof as judgment or decrees for the payment of money under the laws of this state." That rate of interest is 6 per cent.

The section requires that the sheriff shall proceed to sell the property as provided by the act, but in

the case of *Coos County* v. *Akin* the sheriff proceeded to sell the property for less than the amount provided by the decree, and less than the amount provided by law. The decree specified the amount of the judgment and decree as $316.03 on September 4, 1923, but the return of the sheriff affirmatively shows that on October 27th, almost two months later, he sold the property for the exact amount of $316.03, wholly omitting the interest at 6 per cent, and also the accruing costs; thereby the county did not receive what was coming to it, through the failure of the sheriff.

There being no valid certificate of delinquency issued on said lot 5, the proceedings to foreclose the same were a nullity. There was nothing to foreclose.

The decree of the Circuit Court is reversed and the deed from Coos County to L. D. Gordon and W. S. Wells of October 27, 1923, should be canceled and set aside as void.

It is contended by plaintiffs that Section 4351, Or. L., should be construed as though it read, "the sheriff shall issue to the county when no prior certificate is in the hands of an individual, and may issue a certificate to the county regardless of prior certificate if the taxes on the property are delinquent." This argument should be addressed to the legislature. It may be that a more convenient arrangement can be made for the issuance of delinquent certificates to a county. We take the statute as it is, and we think it is plain.

Defendants complain of other irregularities in the assessment of the taxes and the foreclosure of the delinquent certificate, but our view of the statute renders it unnecessary to consider them.

4. Defendant Clara A. Busse's title to the lot involved should be quieted upon her payment of all taxes, interest, penalties, costs and charges on account of taxes due to Coos County, and R. H. Coshun, within sixty days after the entry of the mandate herein in the Circuit Court, as prayed for in defendant's answer. In the event that defendant fails to make such payment her answer will be dismissed. That plaintiff's complaint be dismissed.

REVERSED.

RAND, C. J., and BROWN and BELT, JJ., concur.