Argued at Pendleton May 6; reversed June 4, 1935

# DIXIE MEADOWS INDEPENDENCE MINES
## CO. ET AL. *v.* KIGHT ET AL.
### (45 P. (2d) 909)

*Edgar Freed,* of Portland (J. Will Jones, of Seattle, Washington, Simon, Gearin, Humphreys & Freed, of Portland, and Butler & Jack, of Oregon City, on the brief), for appellants.

*Blaine Hallock,* of Baker (George H. Cattanach, of Canyon City, and Russell Sullens, of Prairie City, on the brief), for respondents.

■ BEAN, J. Plaintiffs assign that the court erred in sustaining the demurrer to plaintiffs' amended complaint and rendering a judgment of dismissal of the

suit. Plaintiffs' suit is a direct attack on the decree in the former suit. A suit in equity brought to avoid a decree for want of service is not a collateral attack: *Lieblin v. Breyman Leather Co.,* 82 Or. 22 (160 P. 1167); *Morrill v. Morrill,* 20 Or. 96 (25 P. 362, 11 L. R. A. 155, 23 Am. St. Rep. 95); *Acton v. Lamberson,* 102 Or. 472 (202 P. 421, 732). In the latter case it was held, in effect, that any attack which has for its object the setting aside and vacating of the judgment is a direct attack, whether in the same or an independent proceeding. It is stated in the brief that the trial court dismissed the suit because it was of opinion that it was a collateral attack. See also *Christensen v. Lane County,* 90 Or. 401 (175 P. 845); *Gordon v. Adams,* 125 Or. 662 (268 P. 60).

It is contended by plaintiffs that no legal service of the summons and complaint was made on either of these plaintiffs in the original suit, and therefore a void order or judgment may be attacked directly at any time and in any proceeding, citing *Schmid v. Portland,* 83 Or. 583 (163 P. 1159); *N. P. T. Co. v. Portland,* 14 Or. 24 (13 P. 705); *State v. Bayles,* 121 Wash. 215 (209 P. 20); 34 C. J. 514.

■ The trial court held that there was no allegation of fraud in the original case or that plaintiffs were deprived of the right to make a defense therein on account of fraud, accident, excusable mistake or neglect, nor was any special ground for equitable interference alleged.

It is not necessary to plead a defense to a void judgment where the court had no jurisdiction to render the same: *Finch v. Pac. Reduction Co.,* 113 Or. 670 (234 P. 296); *Lieblin v. Breyman Leather Co.,* supra; *Sakai v. Keeley,* 66 Wash. 172 (119 P. 190); 34 C. J. 268. In *Hawley v. State Assur. Co.,* 28 Cal. App. 41 (151 P.

153), it is said, in substance, that a judgment taken against a party without any notice whatsoever is not a judgment taken "through his mistake, inadvertence, surprise or excusable neglect", and in such case no adequate remedy at law is afforded, and the party may resort to equity to obtain relief within the period fixed by the statute of limitations.

█ The trial court apparently was of the opinion that these plaintiffs had actual knowledge of the suit against them and that they should have appeared and answered. However, actual knowledge of a suit against a party is not equivalent to statutory notice. The record in the cause must show that proper service has been had: *Keane v. City of Portland,* supra; *Bitting v. Douglas County,* 24 Or. 406 (33 P. 981).

█ It is quite well settled in this state that a suit in equity may be maintained to set aside the final judicial determination reached in another case, where the court had no jurisdiction to render the judgment or decree: *Hanley v. Medford,* 56 Or. 171 (108 P. 188).

█ The main question in this case is in regard to the service by publication and mailing of the summons and complaint to the corporation and a copy of the summons to A. D. Coulter, both at Seattle, Washington.

Section 1-505, Oregon Code 1930, subd. 1, as amended by chapter 16, Oregon Laws, 1931, provides that the summons shall be served by delivering a copy thereof together with copy of the complaint duly certified, as follows:

"1. If the action be against a private corporation, to the president or other head of the corporation, vice-president, secretary, cashier, assistant cashier, or managing agent, or, in case none of the officers of the corporation above named shall reside or have an office in the county where the cause of action arose, then to any clerk or agent of such corporation who may reside

or be found in the county, or, if no such officer be found, then by leaving a copy thereof at the residence or usual place of abode of such clerk or agent.''

Section 1-506, Oregon Code 1930, authorizes service by publication when service of the summons cannot be made, as prescribed in the last preceding section, and the defendant, after due diligence, can not be found in the state, and when that fact appears by affidavit, to the satisfaction of the court or judge thereof, or judge authorized to grant the order therein provided, and it also appears that a cause of action exists against the defendant, or that he is a proper party to an action relating to real property in this state, then the court or judge thereof, or judge authorized to grant the order, shall grant an order that the service be made by publication of a summons in either of the following cases:

''4. When the defendant is a corporation organized under the laws of this state, and has property therein, and the court has jurisdiction of the subject of the suit or action, and all the officers of such corporation are nonresidents of the state, or have removed therefrom, or have departed from the state and have remained absent therefrom six consecutive weeks.   *   *   *''

The Dixie Meadows Independence Mines Company was organized as a corporation under the laws of Oregon to acquire, own and operate mining properties and mines in this state and was wholly so engaged when defendant Kight's cause of action arose. That corporation and Coulter were the owners of the property in question at all times mentioned. This corporation came under the provisions and privileges of section 25-212, Oregon Code 1930. Its officers and a majority of its directors could and did reside outside of the state of Oregon.

Plaintiffs contend that under that statute the defendants could have made valid personal service on the

corporation in Oregon by service on the corporation commissioner.

Section 25-212 provides that a majority of the directors of any corporation, incorporated under the laws of this state for the purpose, in whole or in part, of and actually engaged as its principal business, in acquiring, owning or operating mines, may, while such corporation is so engaged in the business aforesaid as its principal business, and no longer, reside out of the state of Oregon, and any such corporation may have offices and officers without said state and meetings of its directors may be held without the state of Oregon, but at least one director of said corporation shall reside in this state and every such corporation, if its president does not reside in this state, must at all times maintain in the state, and within the county where its principal office and place of business is located, an agent upon whom any and all summonses, writs and process issued to or against such corporation by the courts of this state, may be served, and shall file with the secretary of state a power of attorney, appointing a person therein named as its duly authorized agent, and service of any summons or process upon such agent shall be equivalent to service upon the president or other proper officer of such corporation. Said section further provides:

"If the president of such corporation does not reside within the state of Oregon, and the corporation shall fail or neglect to maintain such agent upon whom service may be had, valid service may be made on such corporation by service on the corporation commissioner, and in the event of such case, the corporation commissioner shall immediately notify the president or secretary of said corporation of such service and forward a copy of the writ, process, summons and other papers served on him, by mail, with postage paid and directed to such officer at his last known post-office ad-

dress, and such corporation shall have twenty days from the date of service upon said corporation commissioner in which to appear and answer.''

It would, therefore, seem that, by the provisions of the latter section, when the president of the corporation does not reside within the state so that a summons may be served upon him, and the corporation neglects to maintain an agent within the state upon whom service may be had, valid personal service may be made on such corporation by service on the corporation commissioner.

The plaintiff, in the original suit, could have served the summons in accordance with either of the statutes above mentioned. They are cumulative. Assuming, without deciding, that the plaintiff in the former case was authorized to serve the summons and complaint therein by publication, upon making a proper showing by affidavit, we proceed to consider whether such showing was made in the original case.

■ Resort to constructive service by publication of summons is predicated upon necessity, and if personal service can be effected by the exercise of reasonable diligence, substituted service is unauthorized: § 1-506, Oregon Code 1930; *Cunningham v. Klamath Lake R. Co.*, 54 Or. 13 (101 P. 213, 1099); *McDaniel v. McElvy*, 91 Fla. 770 (108 So. 820, 51 A. L. R. 731); 21 R. C. L. 1288, § 32; 50 C. J. 496, § 105; *Whittier v. Woods*, 57 Or. 432 (112 P. 408).

■ The affidavit for publication of summons shows that the corporation commissioner, under date of December 16, 1932, stated that the officers of the Dixie Meadows Independence Mines Company were A. D. Coulter, president, American Bank Bldg., Seattle, Wn., E. C. Kilbourne, secretary-treasurer, 1921 First Av., Seattle, Wn., according to the report filed by the cor-

poration for the year ending June 30, 1931, and further shows as follows:

"That the said Dixie Meadows Independence Mines Company, a corporation, cannot be found, with due diligence, through its officers or agents within the State of Oregon;

That the Defendant A. D. Coulter resides out of the State of Oregon and cannot be found with due diligence within said State;

That the address of the said A. D. Coulter, according to the information received from the office of the County Assessor of Grant County, Oregon, is 611 American Bank Building, Seattle, Washington; * * · *''

The affidavit does not show what diligence was exercised by the plaintiff in the former suit, or what inquiry was made to asertain whether A. D. Coulter, defendant and president of the Dixie Meadows Independence Mines Company, was then within the county of Grant or state of Oregon, or of whom any inquiry in regard thereto was made, and from aught that appears from the affivadit, said Coulter, although not a resident of the state of Oregon, may then have been in Grant county, and upon proper inquiry could have been found and served with summons and complaint personally and also as president of said corporation.

The right to publish summons being statutory, and not according to the common law, the publication of summons must strictly follow the statute and compliance must affirmatively appear from the record itself, and no presumption will be indulged to help it: *Northcut v. Lemery,* 8 Or. 316; *Bagley v. Bloch,* 83 Or. 607, 619 (163 P. 425).

In *Felts v. Boyer,* 73 Or. 83, 90 (144 P. 420), there is a quotation from *Ricketson v. Richardson,* 26 Cal. 149, as follows:

"It is not sufficient to state generally that after due diligence the defendant cannot be found within the

state, or that the plaintiff has a good cause of action against him, or that he is a necessary party; but the acts constituting due diligence, or the facts showing that he is a necessary party should be stated.. To hold that a bald repetition of the statute is sufficient is to strip the court or judge, to whom the application is made, of all judicial functions and allow the party himself to determine in his own way the existence of jurisdictional facts—a practice too dangerous to the rights of defendants to admit of judicial toleration.''

In *Cohen v. Portland Lodge,* 144 Fed. 266, 271, it is stated:

''The usual or equivalent expression of the courts is that the ultimate facts of the statute must be shown or proven by the affidavit by setting out the probative facts upon which the ultimate facts depend, and the latter must be sustained in legal contemplation by such probative facts. That is to say, the probative facts set out must be sufficient to justify the court in being satisfied that the ultimate facts required by the statute exist. * * * 'If there is a total want of evidence upon a vital point in the affidavit, the court acquires no jurisdiction by publication of the summons; * * *' ''

Defendants urge that the order for publication cured the defective affidavit. This contention is contrary to the holding of this court in *Goodale v. Coffee,* 24 Or. 346 (33 P. 990). No legal basis was laid for publication as to plaintiffs Dixie Meadows Independence Mines Company or Coulter, defendants in the former suit.

It is further alleged that the property sold consisted of a lot of personal property capable of manual delivery, worth $2,000, no part of which was in possession of any third person or corporation, and of mining claims and real property, and that it all was sold en masse for one lump sum to the plaintiff in that suit at the front door of the courthouse and not in view of the personal property; that because of this method of

sale defendant had no way of knowing, and the sheriff could not inform him, what amount they would have to pay to redeem the land and mining claim. As the judgment debtor may redeem realty sold on execution but can not redeem personalty, and for the reason that, under the statute of this state, placer mining claims are realty, it is error to confirm sale on execution of such claims and pipe lines and tools thereon in one unsegregated bid and for a lump sum, because the amount to be paid in redemption of the realty could not be ascertained: *Roseburg Nat. Bank v. Camp,* 89 Or. 67 (173 P. 313). The latter matter is mentioned so that in making any further sale the error might be avoided.

It is suggested by counsel for defendant that A. D. Coulter was not a proper or necessary party to the suit. If that is the case, then it is not important to consider at length the question of service of summons upon him as there would be no valid reason against setting aside the judgment as to him.

■ The service by publication upon the plaintiffs (defendants in the former suit) was not in accordance with the statute. The court had no jurisdiction to render the judgment and decree in the former suit, which is here attacked, and that judgment and decree are void.

The judgment of the circuit court is reversed and the judgment in the former case of *Kight v. Dixie Meadows Independence Mines Company, a corporation, and A. D. Coulter,* is annulled and set aside, and the cause will be remanded for such further proceedings as may be deemed appropriate, not inconsistent with this opinion.

CAMPBELL, C. J., not sitting.

RAND, J., dissenting.