Argued February 23, affirmed June 18,
reconsideration allowed by opinion August 20, 1979
See later issue of Oregon Reports

In the Matter of the Probate Estate of
Simeon B. Riddle, Jr., Deceased.
DECKER, *Appellant,*
*v.*
WIMAN, *Respondent.*
(No. 75-114P, CA 11167)
596 P2d 570

Richard B. Thierolf, Jr., Klamath Falls, argued the
cause and filed the brief for appellant.

Richard J. Smith, Klamath Falls, wavied appearance for respondent.

Before Thornton, Presiding Judge, and Lee and Gillette, Judges.

THORNTON, P. J.

## THORNTON, P. J.

Petitioner appeals from the trial court's denial of a petition to reopen an estate, claiming that he had insufficient notice of an earlier proceeding in which respondent was determined the sole heir of decedent. Further, he claims that the trial court abused its discretion in failing to redetermine heirship when presented with certain evidence.

Decedent died June 10, 1969, survived by respondent, who claimed to be his illegitimate daughter, and four siblings. Four years later, one of the decedent's sisters, who was petitioner's wife, died. The wife was also survived by three children. In 1975, respondent petitioned for appointment of a personal representative of decedent's estate, naming as those interested in decedent's estate all of decedent's then surviving siblings. Apparently the personal representative gave information to those listed in the petition, ORS 113.145, but did not notify petitioner. However, she published a notice to interested persons in a local newspaper of general circulation as required by ORS 113.155.

After a hearing on the matter, the court determined on December 12, 1975, that respondent was the illegitimate daughter and therefore sole heir of decedent. *See* ORS 112.045.

On June 13, 1977, the personal representative filed her first and final accounting. On July 26, the court ordered that decedent's estate be closed. On August 27, petitioner filed his petition for redetermination of heirship.

Petitioner does not claim that he failed to receive notice through fraud or any other intentional act. Petitioner claims that ORS 113.145, providing for the sending of information to those named in the petition for appointment of a personal representative, and ORS 111.215, the general notice section for the Probate Code, must be read together to require that putative

[633]

heirs be given personal notice of information concerning the estate of a decedent, unless such heirs cannot be found by the exercise of reasonable diligence, in order to satisfy due process requirements. *See Mullane v. Central Hanover Bank & Tr. Co.,* 339 US 306, 70 S Ct 652, 94 L Ed 865 (1950); *Hesthagen v. Harby,* 78 Wash 2d 934, 481 P2d 438 (1971).

 We find no abuse of discretion in denying the petition to reopen.

Petitioner failed to meet his burden on two counts.

First, although petitioner had the burden of establishing a lack of due diligence on the part of the personal representative in not seeking out all the heirs, the record is devoid of any evidence whatsoever on this point.

Second, petitioner failed to show that the evidence he sought to present as to the nonrelationship of the respondent to the decedent was not available at the time of the original probate proceeding.

Affirmed.