On appellant's petition for reconsideration filed July 16, former opinion filed August 20 (40 Or App 631, 596 P2d 570), reconsideration allowed, former opinion adhered to August 20, petition for review allowed November 27, 1979

In the Matter of the Probate Estate of
Simeon B. Riddle, Jr., Deceased.
DECKER,
*Appellant,*

*v.*

WIMAN,
*Respondent.*

(No. 75-114P, CA 11167)

599 P2d 1136

Richard B. Thierolf, Jr., Klamath Falls, for petition.

THORNTON, J.

**THORNTON, J.**

Petitioner seeks reconsideration of our opinion at 40 Or App 631, 596 P2d 570 (1979). We allow the petition to address one of petitioner's arguments. He contends that the personal representative, in determining the identity of heirs or in determining who should have received notice of the heirship proceeding or in making both determinations, did not exercise the reasonable diligence which *ORS 111.215(1)(c)* requires as a condition precedent to giving notice by publication. Petitioner further argues that the personal representative had the burden of proving that such diligence was exercised.

ORS 111.215 provides in pertinent part:

"(1) Except as otherwise specifically provided in ORS chapters 111, 112, 113, 114, 115, 116 and 117, whenever notice is required to be given of a hearing on any petition or other matter upon which an order is sought, the petitioner or other person filing the matter shall cause notice of the date, time and place of the hearing to be given to each person interested in the subject of the hearing or to his attorney, if he has appeared by attorney or requested that notice be sent to his attorney, in any one or more of the following ways and within the following times:
"* * * * *

"(c) If the *address of any person* is not known or *cannot be ascertained with reasonable diligence,* by publishing a copy thereof once in each of three consecutive weeks in a newspaper of general circulation in the county where the hearing is to be held, the last publication of which shall be at least 10 days before the date set for hearing.
"* * * * *."

ORS 111.215 has no express bearing on the identification of heirs. It relates to the giving of notice of probate proceedings to interested persons. Presumably, those persons would include all devisees or heirs previously identified. *See, e.g.,* ORS 113.035, 113.145. However, we do not construe ORS 111.215 as imposing

[413]

upon the personal representative a renewed duty to ascertain the identity of heirs and devisees each time a proceeding takes place for which the statute requires notice to be given. ORS 111.215(1)(c), relating to notice by publication, refers to the personal representative's inability, after reasonable diligence, to determine the addresses of persons entitled to notice. Nothing is said about ascertaining the identities of such persons.

By equating the requirements for identifying heirs to the notice procedure under ORS 111.215(1)(c), petitioner reasons by analogy that the degree and proof of diligence a personal representative is required to exercise in identifying heirs are equivalent to the corresponding requirements for the service of a summons by publication under ORS 15.120. ORS 15.120 provides that a summons can be so served only when "the defendant after due diligence can not be found within the state, and that fact appears by affidavit to the satisfaction of the court * * *," and when certain other conditions obtain. ORS 15.120 permits service by publication to be made only upon order of the court. The predecessor of ORS 15.120 was construed in *Dixie Meadows Co. v. Kight,* 150 Or 395, 45 P2d 909 (1935), where the Supreme Court held that service by publication could be sustained only when the acts constituting "due diligence" by the person making service appear affirmatively from the record. In later cases, *e.g., Kintigh v. Elliott,* 280 Or 265, 570 P2d 659 (1977), the Supreme Court has articulated what acts are necessary, as a minimum, to constitute due diligence under ORS 15.120.

It is not necessary for us to decide here whether the nature and components of the diligence required by ORS 111.215(1)(c) and by ORS 15.120 are precisely the same. The substantive and procedural provisions of the two statutes make the answer to that question unclear. All we decide here is that the requirements of ORS 111.215(1)(c) do not relate to the identification of heirs and devisees by a personal representative and,

[414]

when a personal representative has fulfilled his duty to identify heirs under applicable statutory and common law requirements, ORS 111.215(1)(c) does not independently require him to exercise further diligence to ascertain their identity as part of the notice procedure. The petition for reconsideration calls our attention to no Oregon or other controlling authority not previously cited by petitioner which suggests that the personal representative did not exercise the requisite degree of care in identifying the heirs of the estate.

Reconsideration allowed; former opinion adhered to.