BONSALL *et ux.* v. ISETT *et al.*

1. RETURN OF SERVICE. A return of substituted service of notice should show that the defendant was not found.
2. FINDING ON RETURN. It is the province of the District Court to determine its jurisdiction over the person of a defendant, and if it errs in adjudging that it has jurisdiction, such erroneous judgment cannot be attacked in a collateral proceeding, but must be corrected on appeal. A judgment rendered by default on a defective service of notice, after the court has determined that it is sufficient, is voidable but not void. (*Cooper* v. *Sunderland*, 3 Iowa, 114; *Morrow* v. *Weed*, 4 Id., 77.)

*Appeal from Muscatine District Court.*

MONDAY, DECEMBER 22.

THE statement of the petition in this case is in substance as follows: That in March, 1856, George W. Bonsall being indebted to Isett in the sum of $1,915.33 gave his note for that amount, to secure which he and his wife gave a mortgage on their farm in the country. It is alleged that the wife did not sign this mortgage in person, but did authorize her husband to affix her name thereto; nor did she appear before the notary and acknowledge the execution of the same. In April, 1857, being indebted in the further sum of $12.24, the said Bonsall executed another mortgage on the same land, to secure the said sum and signed his wife's name thereto, which was also acknowledged without her appearing before the notary. The charge is, that this last mortgage was altered after its execution, and that lot 5, in block 149, in the city of Muscatine, (being petitioners' homestead,) was inserted in the same without the knowledge or consent of either of petitioners, and that Leah, the said wife had no knowledge of its existence or execution until the officer called to serve a notice upon her. In the fall of the year 1857, the said George W. Bonsall went to Nebraska Territory, where he remained for some time after the foreclosure of both

mortgages, proceedings to effect which were instituted soon after he left home, and at the succeeding term thereafter, a judgment by default was entered against the petitioners on both mortgages. A service had been effected upon George W., by a copy left with his wife, and the return upon the notice did not state that the said George W. was not found. Afterwards,.the mortgaged premises were sold by the Sheriff, upon special execution to Thomas M. Isett, who subsequently reconveyed to Catharine Kennedy. The said Catharine being thus possessed of the legal title, brought her action at law, to recover the possession of lot 5, in block 149, in the city of Muscatine. Bonsall having returned, he and his wife Leah set up in that action substantially the defense that constitutes the ground of this petition, a demurrer to which was sustained, because the defense made was in its nature, equitable and not allowable in an action at law. The petitioners then commenced this proceeding in Chancery, asking the Court to set aside all the proceedings under the foreclosure of said mortgages, particularly so far as lot 5 in block 149 is concerned, no account of the fraudulent alteration of the mortgage that included this lot, and for the further reason, that the proceedings were void for -want of jurisdiction, no legal service having been made upon George W. Bonsall. Catharine Kennedy and her husband, in their answer, deny all material matters stated in said petition as well as all knowledge of the same, before their purchase. Isett does the same thing, and also sets up another title acquired by him, through one Peter Fryberger, to whom a mortgage of the same premises had been executed. On hearing the cause, the Court held that the plaintiffs were not entitled to relief, dismissed their bill, and directed Kennedy and wife to proceed with their action at law, and thereupon the plaintiffs appealed.

*D. C. Cloud,* for the appellants, cited *Davis* v. *Burt et al.* 7 Iowa, 56; *Chittenden & Co.* v. *Hobbs et al.,* 9 Id., 417; *Grant* v. *Harlow et al.,* 11 Id., 429; *Lessee of Walden* v. *Craig's Heirs,* 14 Pet., 150; *Harris* v. *Hardman,* 14 How.; 334; *Webster* v. *Reid,* 11 Id., 437; *Hollingsworth* v. *Barbour,* 4 Pet., 466.

*Richman & Brother* for the appellee, relied upon *Reed* v. *Wright,* 2 G. Greene, 15; *Wright* v. *Marsh, Lee and Delavan,* Id., 97; *Patterson* v. *The State of Indiana,* Id., 492; *Milne* v. *Van Buskirk,* 9 Iowa, 558; *Morrow* v. *Weed,* 4 Id., 77; *Harris* v. *Hardman,* 14 How., 334; *Boker et al.* v. *Chapline et al.,* 12 Iowa, 204.

LOWE, J.—In considering this case it is no unimportant circumstance to know, that all the material allegations of the bill that were contested touching the fraudulent alteration of the mortgage after its execution as stated, whereby the plaintiff's homestead was charged to have been wrongfully inserted, were presented in the form of issues out of chancery to the arbitrament of a jury, who failed, after hearing all the evidence, to find any of them in favor of the petitioners, but on the other hand did find that no fraud was practised upon Leah Bonsall, by any one, in procuring the execution of the mortgage of the homestead. This finding and its ratification by the court below is accepted by us as a proper determination of the disputed questions of fact, and which a careful analysis of the testimony will sustain. The question, however, which seems to have attracted the largest share of the attention of counsel for the appellants is a legal one, going to the jurisdiction of the Court over the person of Bonsall, at the time the judgment of foreclosure was rendered. The return of the officer reads as follows: "This notice came to hand January 21, 1858. I served the same upon Geo. W. Bonsall, by leaving a copy thereof at his usual place of residence

with Leah Bonsall, a member of his family over the age of fourteen years." We have several times held in a direct proceeding between the parties on an appeal that such a service was defective in failing to state in the return that the party intended to be served in that method was "not found." With these words in the return in this case the service would have been complete. Without them it was technically incomplete. The question of its sufficiency was directly passed upon by the Court. The language of its judgment is, * * * "*and it appearing that the defendants had each been duly served with notice of the pendency of this suit, and being each three times solemnly called, come not but make default,*" &c. It was the province of the Court thus determine its own jurisdiction over the person of the defendants. If in doing so it errs, the method of correcting the error is by an appeal; it cannot be passed upon and determined in a collateral proceeding.

There is a clear distinction between a service insufficient only in the manner of making it, and the case where no service at all is made or attempted to be made. In the latter case there is no question of jurisdiction to decide and if a judgment is rendered under such circumstances against a party, it would be a nullity. In the former case there is a question of jurisdiction raised which the court *ex necessitate* must decide; if it does so erroneously, against the defendant, and renders a judgment for the plaintiff, such judgment would be voidable, nevertheless just as binding upon the parties as any other judgment or decree until reversed and corrected on appeal. In the case of *Cooper* v. *Sunderland*, 3 Iowa, 114, it was said by this Court, "if there be a notice or publication, or whatever else of this nature the law requires in reference to persons, its sufficiency cannot be questioned collaterally." Again, in the case of *Morrow* v. *Weed*, 4 Iowa, 77, where the sufficiency of a notice was objected to and where the Probate Court

had passed upon the question, it was held that if the decision was erroneous, an appeal was the proper mode for correcting, and that the error could not be tried in a collateral proceeding. *Bromley* v. *Smith*, 2 Hill, 517, is a case quite in point, where the justice's docket merely stated the return as " personally served." The statute required the return to state the time and manner of service, and service to be made by reading the summons to the defendant and delivering him a copy if demanded. Held, that the error, though fatal on *certiorari*, was not a defect jurisdictional in its nature and could not avail collaterally. We have held the same general doctrine in the case of *Boker et al.* v. *Chapline et al.*, 12 Iowa, 204. Counsel for appellants admit that the law upon this subject as settled in this State is against him, but insists that the weight of authority in other Courts and States is the other way, and refers to several decisions of the Supreme Court of the United States, and especially to the case of *Harris* v. *Hardman*, 14 How., 334, and in view of this fact urges a reconsideration of the question. We admit the conflict of authority, but prefer to reserve a more careful reëxamination of our adjudications upon the subject till an appellant can come before us under less questionable circumstances. In this case we are asked to set aside the foreclosure proceedings as void, because the officer in his return of the service of notice, by copy, at the defendant's residence, omitted to state that he was " *not* found;" not that he was in the county in fact and could have been personally served, for in his petition the complainant alleges that at the time of said service he was absent in a distant territory and out of the reach of the officer. He also testified to the same fact at the hearing of the cause, thereby admitting and proving the existence of the very fact himself which authorized the service of notice by copy as stated, and which when done makes the service as effectual and binding upon him as though it had been

personal. To grant relief under such circumstances would be asking much of the Court, and we are not now just prepared to perpetrate so obvious an incongruity at the expense of common sense. Finding no sufficient reason for disturbing the decision below, the same will be accordingly

Affirmed.