## BALLINGER v. TARBELL *et al.*

1. JURISDICTION : JUDGMENT ON INSUFFICIENT SERVICE. A judgment rendered in an action in which the original notice had not been served the number of days required by law is erroneous, but cannot be treated as void in a collateral proceeding.

2. EXECUTIONS: JOINT AND SEVERAL JUDGMENTS. Under §§ 2764, 2880, cl. 6, and 3328 of the Revision of 1860, an execution issued under a judgment in favor of a sole plaintiff may be set off against an execution issued under a judgment which such sole plaintiff is a joint defendant.

3. JUDGMENT: CHOSE IN ACTION. A judgment is a chose in action merely, is not invested with the peculiar character of negotiable paper, and passes to an assignee, charged with all the equities which could be asserted against it in the hands of the assignor.

## *Appeal from Lee District Court.*

### WEDNESDAY, JUNE 22.

PETITION alleges that the sheriff of Lee county has in his hands two executions, one in favor of the plaintiff against the defendant John Tarbell, and one A. Robertson, and the other in favor of said Tarbell, and against the plaintiff, the latter of which writs has been levied upon the plaintiff's property by the sheriff, "who cannot find property upon which to levy the plaintiff's execution, and who declines to set off the one against the other, on the ground that the defendant Tarbell had assigned his claim to Claggett, Browne & Claggett." It is also alleged that the plaintiff's judgment against Tarbell & Robertson is older than the judgment of Tarbell against the plaintiff, and that Claggett, Browne & Claggett knew of its existence when they received the transfer of the judgment against the plaintiff from Tarbell. Claggett, Browne & Claggett are made defendants, and they answer the petition, admitting the existence of the two judgments as alleged by the plaintiff, and the refusal of the sheriff to set off the one against the other, because of the assignment to them of

Tarbell's judgment against the plaintiff. The priority in point of time of plaintiff's judgments, and that its existence was known to Claggett, Browne & Claggett, at the time they received their assignment from Tarbell, of the judgment against the plaintiff, are admitted in the answer, and C. B. & C. say that the said assignment was in good faith "taken by them for the purpose of obtaining something on their fees (they being attorneys-at-law), for which said Tarbell was indebted to them." For the reasons which will be stated in the opinion, C. B. & C. deny the validity of the plaintiff's judgment against Tarbell. The other material facts will sufficiently appear in the opinion. The cause was heard by the District Court, upon the petition and answer; and that Court having rendered a decree, dismissing the petition and denying the right of set-off, the plaintiff appeals.

*Rankin & McCrary* for the appellant.

*Gibson Browne* for Claggett, Browne & Claggett.

DILLON, J.—I. It is claimed by the defendants, Claggett, Browne & Claggett, that the judgment of the plaintiff against Tarbell & Robertson was wholly void, as against Tarbell, because the justice of the peace, who rendered the same, had no jurisdiction of the person of the defendant Tarbell; and this is the first question which we are called upon to determine. The plaintiff's action against Tarbell & Robertson was brought before H. H. WILSON, a justice of the peace, and the return day was fixed by the justice for the 11th day of February, 1860. The original papers in this action were not before the court, but the transcript shows that the original notice was served by the constable on the 6th day of February, 1860, on the wife of Robertson, and as to Tarbell, the service, as recited in the justice's transcript, was as follows: "On the 7th day of

February, 1860, I, H. H. Wilson, a justice of the peace, served the said notice upon John Tarbell, by reading the same to him personally in the city of Keokuk, who confessed judgment;" and on the 11th day of February, 1860, the justice rendered judgment against the defendants, without any appearance by them. That this service, as to Tarbell, was defective, is apparent, because the statute requires five days' notice, and here were only four. It may also be defective, because served by the justice himself, and not the constable. It was, therefore, clearly erroneous in the justice to have rendered judgment against Tarbell on this service. It would have been, without doubt, reversed on writ of error. But it was erroneous simply, and not void. It is not a case where there is *no* service at all, but a case where there was a *defective* service. The justice erred in deciding that this service authorized him to render judgment against Tarbell; but neither Tarbell nor his assignees can question the validity of this judgment, or claim to have it treated as *void* in this collateral proceeding. *Bonsall* v. *Isett*, 14 Iowa, 309 ; *Cooper* v. *Sunderland*, 3 Id., 114 ; *Morrow* v. *Weed*, 4 Id., 77 ; *Boker* v. *Chapline*, 12 Id., 204.

The plaintiff's judgment against Tarbell was, therefore, valid, the same never having been set aside or reversed.

II. The next question which arises is, whether the plaintiff has a right, legal or equitable, to have his judgment against Tarbell set off against the judgment in favor of Tarbell, and assigned to Claggett, Browne & Claggett. If Tarbell had never made the assignment to C. B. & C., would this alleged right of set-off exist ? The only reason which could be urged against it, even *at law*, would be, that the plaintiff's judgment was a *joint* judgment against Tarbell & Robertson, while the judgment against the plaintiff was in favor of Tarbell alone. But this reason, under our law, as it now stands, no longer exists. The Revision, which was in force when the cause was tried below, abro-

gates all distinctions between joint and joint and several liabilities: § 2764; and see also §§ 3328, 2880, clause 6. Under these various provisions the plaintiff (Ballinger), when Tarbell brought his action against him, might have pleaded in set-off his prior judgment against Tarbell & Robertson. We say he *might* have done so, but he was not bound to pursue this course; and his failure to pursue it would not defeat the right if it otherwise existed to have one judgment set off against the other.

We conclude then, that the plaintiff's right of set-off would exist even at law, as against Tarbell, and the insolvency of Tarbell would only superadd to this right those equitable rights which flow from the debtor's pecuniary irresponsibility. *Hurst* v. *Sheets*, 14 Iowa, 322.

The next step in our inquiries is, whether this right of the plaintiff, as against Tarbell is defeated by the subsequent assignment by the latter of his judgment against the plaintiff to Claggett, Browne & Claggett, they being *bona fide* assignees.

Tarbell was indebted to them for fees, and they allege in their answer, not that they received this assignment in payment for services rendered in obtaining the specific judgment assigned to them, though this might, perhaps, make no difference, but "for the purpose of obtaining something on their fees, for which Tarbell was indebted to them." In another portion of the answer they allege that "they took the said assignment without any fraud, and for the purpose of obtaining fees from said Tarbell," but it is not alleged that those fees were due on account of the judgment of which they received the assignment. It is admitted that the plaintiff's judgment was rendered prior to the rendition of the judgment against him, and that Claggett, Browne & Claggett knew of its existence at the time they received their transfer from Tarbell.

A judgment is a chose in action. *McGilton* v. *Love*, 13

Ill., 495, and cases cited. *Wise* v. *Shepherd*, Id., 41. The Legislature not having invested judgments with the qualities which attach to commercial paper, they stand upon the footing of things in action. Section 2760 of the Revision of 1860 expressly declares, that " in case of an assignment of a thing in action, the action by the assignee shall be without prejudice to *any set-off* or other defense existing before notice of the assignment." See also § 2880, clause 6, and § 1796. Since the decision of this cause, by the District Court, the rights of the assignee of a judgment have been settled by this Court in the important case of *Burtis* v. *Cook & Sargent, ante*, and to which and the authorities there cited, we refer. It is not necessary to renew or enlarge the argument. It must be admitted that there are *dicta* to the effect, and perhaps *decisions* which expressly hold, that the right of equitable set-off is defeated by a *bona fide* assignment of one of the debts. See *dictum* of Judge STOCKTON in *Davis* v. *Milburn*, 3 Iowa, 170, upon which the Court below probably acted. But if we are correct in the views above expressed; if the plaintiff's right of set-off is, under our statute, a *legal* one, it is clear that this legal right cannot be defeated by the assignment of Tarbell.

Under the statute and the decision of *Burtis* v. *Cook & Sargent, supra*, as the plaintiff's right was available as against Tarbell, so it is equally available as against his assignees.

If the plaintiff based his right upon some equity *outside* of the statute, his claim might be met by some countervailing equity in the defendant; and the fact that the judgment assigned to Claggett, Browne & Claggett was obtained by reason of their services, might, if this were a mere contest between equities, be sufficient to deny relief. But not so when the plaintiff relies upon the rights which the statute gives him, and when the statute expressly declares

that the assignee takes subject to any *set-off* or other defense existing before notice of the assignment.   It is the opinion of this Court that the decree below dismissing the petition was erroneous, and the same is reversed, and the cause remanded, with directions to the District Court to grant the relief prayed by the plaintiff.

Decree reversed.