In the Matter of the Marriage of

Bettina F. ANDERSON,
*Respondent,*

*and*

Randal L. ANDERSON,
*Appellant.*

(87-1244; CA A60034)

793 P2d 1378

Gilbert B. Feibleman, Salem, argued the cause for appellant. With him on the brief was Ramsay, Stein, Feibleman & Myers, P.C., Salem.

Linda J. Larkin, Portland, argued the cause for respondent. With her on the brief was Carney, Buckley, Kasameyer & Hays, Portland.

GRABER, J. pro tempore

Edmonds, J., dissenting.

**GRABER, J.** pro tempore

The issues in this case are, first, the authority of an Oregon court when another state awards a valid status-only dissolution during the pendency of an Oregon dissolution case and, second, the correctness of the trial court's property division and awards of child support and attorney fees. Husband asserts that the foreign dissolution deprived the Oregon trial court of subject matter jurisdiction over the issues that the foreign court was also without jurisdiction to decide. If the Oregon court did have jurisdiction, he asserts that the property division was too favorable to wife and that the awards of child support and attorney fees were excessive. We hold that the trial court had jurisdiction, modify the judgment to reduce the award of attorney fees, and affirm as modified.

Husband and wife lived in Newport until July, 1986, when husband took a job in California. Wife stayed in Oregon. Husband filed a dissolution action in California in early 1987 and served wife in Oregon in February, 1987. Wife did not appear in the California case. Instead, in June, 1987, she filed this action in Lincoln County. She did not serve husband until the end of October, after he had moved to Washington. Before then, on August 11, the California court entered a final judgment dissolving the marriage. Husband remarried a few days later. The California court reserved ruling on property and custody issues until December 28, 1987, when it entered a final judgment on all issues. It declared that it was without jurisdiction over wife or the children. The only property that it believed that it had jurisdiction to divide was the parties' 1986 federal income tax refund and husband's California teacher's retirement account. It did not assert jurisdiction to resolve any other custody, property, or support issues.

Husband registered the California judgment in Lincoln County. He also stipulated to the Oregon court's personal jurisdiction over him in wife's action, although he denied its subject matter jurisdiction over the support and property issues. The Oregon court divided the marital assets and awarded wife monthly child support of $325 for each of the three children and attorney fees of $7,500.

The initial question is whether the Oregon court had jurisdiction to decide the property and support issues after the

California dissolution of the marriage.[1] Under the Full Faith and Credit Clause,[2] Oregon must recognize that dissolution as valid. However, it is not inconsistent with that clause for an Oregon court with personal jurisdiction over the parties to decide the property and child support issues that the California court could not. *See Vanderbilt v. Vanderbilt,* 354 US 416, 77 S Ct 1360, 1 L Ed 2d 1456 (1957). Whether an Oregon court has subject matter jurisdiction to decide those issues is a matter of Oregon law. *See Rodda v. Rodda,* 185 Or 140, 149, 200 P2d 616, 202 P2d 638, *cert den* 337 US 946 (1949).

ORS 107.115(1) provides, in pertinent part:

"A [judgment] of annulment or dissolution of a marriage restores the parties thereto to the status of unmarried persons, unless a party is married to another person. Such [judgment] shall give the court jurisdiction to award, to be effective immediately, the relief provided by ORS 107.105."

ORS 107.105 allows a court to determine child custody, award child and spousal support, and divide the marital property. Under it, the court has authority to provide that relief "[w]henever the court grants a [judgment] of marital annulment, dissolution or separation[.]" Husband argues that an Oregon court has jurisdiction under those statutes to decide those issues *only* when the *Oregon* court also dissolves the marriage. Because the California court dissolved the marriage before the Oregon court acted, he concludes, the Oregon court had no jurisdiction over the property division, child support, or attorney fees.

In *Rodda v. Rodda, supra,* the wife had obtained an Oregon decree of separate maintenance that required the husband to pay monthly support. The husband thereafter moved to Nevada and obtained a divorce in that state. The Nevada

---

[1] Wife argues that the California dissolution is void or voidable, but the ground for that argument, as it relates to marital status, is not clear. So far as the record shows, husband was a resident of California when he filed the action, and wife was properly served in Oregon. The California court, therefore, had jurisdiction to dissolve the marriage. *See Williams v. North Carolina,* 317 US 287, 63 S Ct 207, 87 L Ed 279 (1942).

[2] Article IV, section 1, of the United States Constitution provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

court did not acquire personal jurisdiction over the wife, and she did not seek a divorce in Oregon. After the Nevada divorce, the husband moved to vacate the decree of separate maintenance on the ground that the divorce had wiped it out. The Supreme Court affirmed the trial court's order vacating the decree. The court held that, because the separate maintenance statute applied to "married persons," it lost its effectiveness when the Nevada decree ended the marriage. 185 Or at 147-150. In discussing that conclusion, the court said:

> "There are two sources of power in this state for the award of alimony, and only two so far as the prior decisions of this court go. One is the statute which authorizes an allowance of alimony to the party not in fault in a divorce suit * * *; the other is the separate maintenance statute. The first is alimony after divorce, *but the award may be made only when the court grants a decree of annulment or dissolution of the marriage.* * * * The second is alimony—termed maintenance—during the continuance of the marriage relation. And separate maintenance proceedings 'being special and statutory, the court has only such powers as the legislature has granted it.'" 185 Or at 152-53. (Emphasis supplied.)

The statutes that the Supreme Court discussed in *Rodda v. Rodda, supra,* were Or Laws 1941, ch 408, § 7 (separate maintenance), and OCLA § 9-914 (divorce). The first granted power "[w]henever the court shall grant a decree of separation from bed and board, * * * further to decree as follows * * *." The second granted the court power "[w]henever a marriage shall be declared void or dissolved * * * to further decree as follows * * *." The Supreme Court held that those statutes expressly conditioned the court's subject matter jurisdiction over support, property division, and child custody on its primary power to grant a dissolution, annulment, or legal separation.

◼ In *Rodda,* no Oregon court ever had the power to dissolve the marriage, because neither husband nor wife sought that relief in Oregon. The Oregon court had jurisdiction only over the wife's action for separate maintenance, and that action lost its purpose when the husband obtained the divorce. In this case, in contrast, the Oregon court acquired jurisdiction over the parties' status before the marriage was dissolved. As a result, when it was registered here, the California judgment became an Oregon judgment. The judgment

gave the Oregon court "jurisdiction to award * * * the relief provided by ORS 107.105." ORS 107.115. ORS 107.105(1) grants the court power whenever *it* grants a judgment of dissolution. ORS 107.115, on the other hand, states the effect of a judgment of dissolution in more general terms and provides that such *a judgment* gives the court power to award the relief provided in ORS 107.105. It thereby gives the court authority to grant that additional relief *in a pending case* whenever the marriage is dissolved, even if a court of a different state grants the dissolution. ORS 107.115, therefore, expands the circumstances in which the court may grant the relief that ORS 107.105 provides. The *Rodda* court had no reason to consider the effect of a concurrent Oregon case on the trial court's jurisdiction, and its holding, therefore, does not control in these circumstances. Because the California court was without jurisdiction to decide the non-status issues, no rules of *res judicata* or collateral estoppel limit the Oregon court's authority over those matters. The trial court had jurisdiction to grant any supplemental relief that is available under ORS 107.105.

■ ■    Having determined that the trial court had subject matter jurisdiction, we turn to the merits of husband's arguments. We affirm the court's property division without discussion. Husband's support obligation totals $975 per month, which is more than half of his net income. On the other hand, child care expenses alone take more than half of wife's earnings, which are significantly lower than husband's. We accept the court's finding that each child's need, including child care costs, is $450 per month. The court properly considered the factors discussed in *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), and we do not think that any change that we might make would be clearly better.[3] On *de novo* review, however, we apply the factors in *Craig and Craig,* 30 Or App 419, 567 P2d 141 (1977), and conclude that the award of attorney fees was excessive. We reduce that award from $7,500 to $2,500.

Judgment modified to reduce award of attorney fees to wife to $2,500; affirmed as modified. No costs to either party.

---

[3] We do not apply the new child support guidelines, because the trial court entered its judgment before October 3, 1989. *Butcher and Butcher,* 100 Or App 476, 786 P2d 1293, *rev den* 310 Or 70 (1990).

**EDMONDS, J.,** dissenting.

The majority holds that, even though the parties were not married at the time of trial, the trial court properly made a property division and awarded child support and attorney fees under ORS 107.105. It states:

> "In this case, in contrast, the Oregon court acquired jurisdiction over the parties' status before the marriage was dissolved. As a result, when it was registered here, the California judgment became an Oregon judgment. The judgment gave the Oregon court 'jurisdiction to award * * * the relief provided by ORS 107.105.'" 102 Or App at 173.

The legislature will be surprised to learn that a foreign judgment registered under ORS chapter 24 can vest an Oregon court with ancillary subject matter jurisdiction under ORS 107.105. As early as 1888, Oregon courts recognized that the authority to dissolve a marriage and relief incidental to it is purely statutory. *See Weber v. Weber,* 16 Or 163, 17 P 866 (1888). The court reiterated the same principle in *Ashford v. Ashford,* 201 Or 206, 249 P2d 968, 268 P2d 382 (1954), when a party argued that the court was without jurisdiction to enter an order for publication of summons and the court said:

> "At the outset, it must be conceded that the court which rendered the decree of divorce was then exercising a special power conferred upon it by statute, and not according to the course of the common law. We have frequently said that when exercising a special power conferred upon it by statute, and not according to the course of the common law, a circuit court is a court of special and inferior jurisdiction, and its proceedings in such cases are subject to all the incidents applicable to a court of that type." 201 Or at 215.

ORS 107.115 provides, in relevant part:

> "(1)  A decree of annulment or dissolution of a marriage restores the parties thereto to the status of unmarried persons, unless the party is married to another person. Such *decree* shall give the court jurisdiction to award, to be effective immediately, the relief provided in ORS 107.105." (Emphasis supplied.)

Under ORS 107.115(1), the authority to grant a judgment of dissolution also gives the court ancillary subject matter jurisdiction to award other relief as provided in ORS 107.105.

Unless the court has authority to grant a judgment of dissolution, it cannot award any other relief under ORS 107.115. It appears to be the majority's position that, because the parties were married at the time the petition for dissolution was filed, the court acquired subject matter jurisdiction. That premise ignores the express language of ORS 107.115(1). Even though the court may initially have had jurisdiction over the parties and the subject matter of the marriage, it lost subject matter jurisdiction when the California court dissolved the marriage. Without the ability to dissolve the marriage, the court was without authority to grant any other relief.

The majority also misreads the holding of *Rodda v. Rodda,* 185 Or 140, 200 P2d 616, 202 P2d 638, *cert den* 337 US 946 (1949). There, as the majority acknowledges, the court held that statutes pertaining to dissolution of a marriage and separation from bed and board expressly conditioned the court's subject matter jurisdiction over support, property division and child support on its authority to grant a dissolution, annulment or legal separation. The majority states:

"The *Rodda* court had no reason to consider the effect of a concurrent Oregon case on the trial court's jurisdiction, and its holding, therefore, does not control in these circumstances." 102 Or App at 174.

The holding in *Rodda* is based on statutory language similar to that found in ORS 107.115.[1] While it is correct factually that neither the husband or wife in *Rodda* sought to dissolve their marriage in Oregon, the court's interpretation of the controlling statutes is what makes *Rodda's* reasoning persuasive under these circumstances.

In summary, what the majority has done is to create a new statutory scheme under which child custody, child support, and division of marital property can be adjudicated. It ignores the express language of ORS 107.115 and expands the authority of the court under ORS chapter 24 without regard

---

[1] OCLA § 9-914 (1947) provided, in relevant part:

"Whenever a marriage shall be declared void or dissolved, the court shall have power further to decree as follows[.]"

Or Laws 1941, ch 408, § 7 provided, in relevant part:

"Whenever the court shall grant a decree of separation from bed and board, it shall have power further to decree as follows[.]"

for years of precedent on how Oregon courts acquire jurisdiction regarding these subjects. No matter how well-intentioned the majority is in its desire to provide relief to the parties, it has overstepped the province of the courts into the realm of the legislature. I dissent from such wholesale creativity with a statutory remedy. Our function is to interpret existing statutes, not create new ones.

The parties' remedies lie with other legal theories or with the legislature which has been duly elected by the people of the State of Oregon and whose policies will reflect differing views of the populace. No out-of-state judgment or court ought to be able to tell our courts what they can and cannot determine under a statutory remedy. That policy decision is left solely to our legislature and it has told us that it is the judgment dissolving the marriage that gives the court jurisdiction to award child support, child custody and to divide marital property.

Richardson, J., joins in this dissenting opinion.